Gabdineb, J.
 

 The original lease between Mrs. Dunscombe and the plaintiffs contained a covenant of reentry on the non-payment of rent by the lessees, for ten days after it fell due. The jury have found that the ground-rent was due to Mrs. Dunscombe, by the defendants, the lessees’ tenants; and the only question of any importance, is, whether they were justified in making such payment, and entitled to have the amount applied in discharge of their rent due to the plaintiffs.
 

 It has .been frequently decided, upon the most obvious principles of justice, that if an under-tenant be compelled to pay rent to the head-landlord he may deduct it from the rent due to his immediate lessor; or, if the sum paid exceeds that due to the lessee, the tenant may, in an action of
 
 assumpsit
 
 for money paid to the use of the lessor, recover the excess. (1 Smith’s Leading Cases, 4 Am. ed., 202-4, marg. pages 73-5, and cases there cited; 4 T. R. 511.) This privilege upon the part of the under-tenant exists, if there be in the head-landlord a legal right, by the exercise of which, the person who pays may be damnified, unless he satisfies it. (1 Leading Cases 203.) It is not necessary, that the head-landlord should distrain, or even demand the money, or commence or threaten a suit. The right to enforce *his claim in this way will make the payment by the under-tenant compulsory, within the principle of the decisions. [*530
 

 
 *530
 
 In this case, the original lessor had, as we have seen, the right of re-entry. The under-tenant was authorized to protect his possession against the exercise of this right, by paying the rent to the head-landlord. Such a payment is not voluntary, and there is no question, but that it was made by the defendants in good faith, with an honest purpose to shield themselves from damage. I think, the judgment of the common pleas should be affirmed.
 

 Judgment affirmed.