EDWARD KEDNEY, Respondent, *against* JOHN ROHRBACH, Appellant.

(Decided December 6th, 1886.)

Plaintiff, a tenant of M. under a lease for two years, sub-let part of the premises to defendant, and subsequently gave possession of the remainder of the premises to L., who was accepted as tenant by M., and, with the assent of plaintiff, paid rent for the whole premises. *Held,*

Kedney *v.* Rohrbach.

that this effected a surrender of the term of plaintiff's lease, by opera-
tion of law; and payment by defendant to L., with consent of M.,
discharged defendant from all liability to pay rent to plaintiff.

APPEAL from a judgment of the District Court in the
City of New York for the Tenth Judicial District.

The action was brought for rent, for the months of Janu-
ary, February, March, and April, 1886, at $37.50 per month.
Judgment was rendered in favor of plaintiff for $173.18,
being the amount of rent claimed, with interest and costs.

The facts are stated in the opinion.

J. F. DALY, J. — It appears that the plaintiff was the ten-
ant of one Morrell, under a lease for two years from May
1st, 1884, of the whole of the premises 474 Fourth Avenue,
to be used for his market and butcher shop and barber shop;
that he sub-let a part of said premises, the barber shop, to
the defendant, retaining the other part until January 1st,
1886, when he sold out his business to one Levy, and gave
the latter possession of the premises he, plaintiff, had occu-
pied. Levy was accepted as tenant by Morrell, and paid rent
to the latter for the whole premises, including the barber-
shop, with the assent of plaintiff. Levy was not in posses-
sion as assignee nor as under-tenant of plaintiff. The effect
of this transaction was a surrender by operation of law of
the term created by the lease from Morrell to plaintiff.
Had there been an under-letting by plaintiff to Levy, the
circumstances would have constituted a surrender, because
there was a substitution of Levy as tenant in place of
plaintiff. "So where the tenant under-let the premises,
and the landlord accepted the under-tenant as his tenant,
and collected rent from him, which arrangement was as-
sented to by the original tenant, the court held that this
amounted to a virtual surrender of the tenant's interest by
operation of law." (Taylor's Land. and Ten. § 514, and
cases cited.) The case is much stronger where the party
accepted as tenant is not the under-tenant of the lessee, and

is not under covenant to pay rent to him, and is not assignee of the lease. The assent of the lessee to the acceptance by the landlord of the new tenant, is the principal element of the surrender, and this assent in this case is indisputable. Plaintiff intended that the landlord should collect the whole rent from Levy, and that he, plaintiff, should be discharged therefrom. His own testimony shows that he supposed that Levy would be obliged to pay the whole rent, while he could collect and retain the rent of his subtenant, the defendant. He swears: "I claim the rent of the barber shop was my profit out of the hire of the store." To carry out this profitable scheme, however, it was necessary for him to obtain the consent of Levy and of the landlord, and this he neglected to procure. When he substituted Levy in his place, and assented to the collection of the whole rent from him by the landlord, it operated as a surrender, and upon such surrender the sub-tenant became the immediate tenant of the landlord, and liable only to him. See *Eten* v. *Luyster* (60 N. Y. 252). The payments which the defendant, the sub-tenant, made to Levy by direction of the lessor Morrill, were payments to the latter, and discharged him. He owed nothing to plaintiff.

But even if the lease were not surrendered, and plaintiff had the right to collect rent from his sub-tenant, yet his default in making payment to his lessor authorized the sub-tenant to pay directly to the latter, and this without even a demand or any threat of suit, the lessor having the right of re-entry for such default (*Peck* v. *Ingersoll*, 7 N. Y. 528). The sub-tenant, the defendant, has paid all the rent now sued for to Levy, by direction of the lessor Morrell, and this is equivalent to paying directly to the landlord. Plaintiff contends, however, that he was not in default, because Levy had already paid the whole rent to the lessor, and collected from the sub-tenant for his own benefit. But it could be contended with equal justice that as defendant was so directed to pay his rent to Levy, before the latter made any payments whatever to the lessor, that Levy merely received it from the defendant to make up the rent

due the lessor.   The rent for January, 1886, was certainly paid by defendant to Levy before the latter paid the full rent to the lessor, as the receipts show, and there was a default then if the lease to plaintiff was outstanding, for the rent was payable monthly in advance, and Levy did not pay till the 12th.   The succeeding rents were paid under the lessor's general direction given in January.

The judgment should be reversed, with costs.   A new trial will not be ordered, as plaintiff's case seems without merit.   If he desires further litigation, there is nothing to prevent his bringing another action.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Judgment reversed, with costs.