(30 Misc. Rep. 420.)

BROWNING v. CHADWICK.

(Supreme Court, Appellate Term. February 8, 1900.)

CONTEMPT—SUPPLEMENTARY PROCEEDINGS.

     Defendant was properly adjudged guilty of contempt, where, after having been enjoined from disposing of her property, she directed her subtenant to pay rent due to defendant to the superior landlord, where such payment was not made to protect the subtenant's possession.

Appeal from city court of New York, general term.

Action by William H. Browning against Helen E. Chadwick. From an order adjudging defendant guilty of contempt (61 N. Y. Supp. 246), she appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Howe & Hummel, for appellant.

Clarence E. Thornall, for respondent.

MacLEAN, J. The defendant is in contempt for disposing of property while under inhibition in supplementary proceedings. At the time of the service of the order for her examination she was the owner of a lease of certain premises, relet by her to another, with right to receive the rent therefor, and to re-enter in case of default. Rent to her was paid, and during the period of her restraint the under-tenant came to pay the rent for one of the months of the term, but the defendant had left word that payment be made to the superior landlord, the owner of the fee, and this was done. For this the defendant was properly adjudged in contempt, and, the record failing to show that such payment was made by the under-tenant to the superior landlord on her own behalf, or for the protection of her possession, but merely in obedience to the directions of the defendant, and on her behalf, the rule stated in Peck v. Ingersoll, 7 N. Y. 528, and now invoked by the appellant, has no application. The order must be affirmed.

Order affirmed, with costs.

FREEDMAN, P. J., concurs; LEVENTRITT, J., in result.