NEUSBERGER v. PRODELEFSKY et al.

(Supreme Court, Appellate Term.   April 16, 1900.)

SUMMARY PROCEEDINGS—UNDERTENANT—PLEADING AND PROOF.

One made a defendant, and alleged by the petition in summary proceedings to be an undertenant, and as such to have continued in possession after expiration of the term, without permission of the landlord, having answered, as permitted by Code Civ. Proc. § 2244, and denied the allegations of the petition respecting the hiring by the tenant, and that the tenant's term has expired, the landlord has the burden of proving the averments so controverted.

Appeal from municipal court, borough of Manhattan, Fourth district.

Summary proceedings by Eugene Neusberger, landlord, against Levy Prodelefsky, sued as Jacob Brodelefsky, impleaded as undertenant.   From a final order awarding delivery of possession of the premises, said undertenant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Joseph Wilkenfeld, for respondent.

PER CURIAM.   The appellant is a party to summary proceedings instituted to recover the possession of certain real property situate in the borough of Manhattan upon the ground that the tenant's term therein has expired.   The petition alleges that the appellant is an undertenant, and as such continued in possession of the demised premises after the expiration of such term, without the permission of the landlord thereof.   Hence he had the right to file an answer, and to defend the proceedings.   Code Civ. Proc. § 2244; People v. Callahan, 8 N. Y. Wkly. Dig. 298.   The appellant filed an answer denying the allegations of the petition respecting the hiring of the premises by the tenant, and that the latter's term therein has expired.   Thus there devolved upon the landlord the burden of proving the averments so controverted, which he wholly failed to do.   The return fails to disclose any proof whatever in support of such allegations, or of an admission thereof on the part of the appellant during the course of the trial.

There being a total failure of proof with respect to material allegations of the petition, the final order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.