1154 UNION AVENUE CORPORATION, Appellant, *v.* ADOLPH DAVIS and Another, Respondents.

First Department, April 27, 1928.

Landlord and tenant — deposit of security — defendants, original lessees, agreed to deposit security — defendants sublet to third person by lease in which sublessee agreed to comply with terms of original lease — sublessee assigned to plaintiff — defendants failed to post security — landlord refused to accept security from plaintiff and plaintiff was dispossessed — defendants are liable in damages for breach of covenant of quiet enjoyment.

The defendants leased property under a lease which required the deposit of cash or the delivery of a surety company bond as security.  The defendants sublet to a third person under a lease which stipulated that the sublessee would comply with all the terms and conditions of the original lease.  Said sublessee assigned its contract to the plaintiff.  The defendants failed to post the security and the landlord refused to accept security offered by the plain' ff and subsequently the plaintiff was dispossessed in summary proceedings.  The plaintiff is entitled to recover its damages in this action caused by the failure of the defendants to post the required security inasmuch as their action constituted a breach of the covenant of quiet enjoyment.

The covenant of the sublease that the sublessee would comply with all the provisions of the original lease did not impose upon it the duty of depositing the security and in fact it could not comply with that provision in the absence of consent by the landlord.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of September, 1927.

*Emanuel van Dernoot* of counsel [*Winfred C. Allen* with him on the brief], for the appellant.

*Frank F. Bergenfeld* of counsel [*Abraham Brill*, attorney], for the respondents.

PROSKAUER, J.  The defendants were lessees under a lease from Adam and Elizabeth Nimphius of certain property in the borough of The Bronx.  The lease demised a term of twenty-one years from June 1, 1918, and provided that on May 30, 1923, the tenants

were to furnish security either by the deposit of cash or the delivery of a surety company bond. The defendants sublet to the St. Denis Bakery & Lunch Co., Inc. The sublease contained a covenant by the St. Denis Bakery & Lunch Co., Inc., inartificially described as the " assignee," to " comply with all the terms and conditions of " the original lease. The St. Denis Bakery & Lunch Co., Inc., assigned its lease to the plaintiff. The defendants failed to comply with the provision of the original lease with respect to the giving of security on May 30, 1923. The plaintiff sought to make good this default, but there has never been any attornment to the original landlords and they refused to accept the security from any one other than their original tenants, the defendants. After this default summary proceedings were instituted by the original landlords and the plaintiff was evicted from possession under a final order. This action is brought to recover damages by reason of the defendants' failure to post the security and their consequent neglect to maintain the plaintiff in possession. The complaint was dismissed on the ground that the quoted clause in the sublease to the St. Denis Bakery & Lunch Co., Inc., threw upon it and its assignee the obligation to post the security. We cannot so interpret it. In the lease made by the defendants to the St. Denis Bakery & Lunch Co., Inc., there was a covenant of quiet enjoyment. The original landlords were under no obligation to accept the rent or security from any one but their own tenants. If the defendants had failed to pay the rent to the original landlords they would clearly have violated their covenant of quiet enjoyment in the sublease. They similarly violated it in failing to post the security. The covenant of the sublease to comply with the terms and conditions of the original lease cannot be construed as putting on the subtenant or its assignee the obligation to do what they could not do without the landlords' consent. No one other than the defendants could post the security without the consent of the landlords and it was their affirmative duty to post the security. Their failure so to do breached the covenant of quiet enjoyment.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Dowling, P. J., Merrell, Martin and O'Malley, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.