JACOB REISBERG, Plaintiff, *v.* OWNIT REALTY CORPORATION and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, October 19, 1928.

*O'Grady & Moynahan [Bartholomew A. Moynahan of counsel],* for the landlord.

*Herman Chaityn,* for the tenant.

PRINCE, J.   This is a summary proceeding brought to recover possession of a building under a lease dated October 1, 1927, for a term of twenty-one years, upon the ground that the term has terminated, *first,* because the tenant violated the terms of the lease against assignment and mortgaging without the consent of the landlord, and, *second,* because the tenant failed to remove violations filed by the tenement house department against the demised premises.   The first ground is untenable and may be passed.   There is no prohibition in the lease against assignment.   It provides that the lessee may assign without the landlord's written consent upon condition that the assignee assume its obligations in writing and notice is given to the landlord.   This is not tantamount to prohibition against an assignment.   As to the second ground for the proceeding, the lease clearly imposes the obligation on the tenant to comply with these violations, and they remain unremoved after notice.   The landlord has thus sustained his claim of a breach of the lease in this respect.

.   There remains to be considered whether this court has jurisdiction to grant relief by summary proceeding.   Summary proceedings, as a means for recovery of real property, rest entirely on statutory enactment.   Unless the term is at an end by expiration or termination before the commencement of the proceeding, there is no jurisdiction.   There is other relief by the common-law action of ejectment.   Parties may stipulate that upon the happening of a certain

event the landlord may end the term and yet that relief may not be had in summary proceedings. There is much confusion in our law books where the inquiry is whether the language of a particular lease operates as a conditional limitation or condition subsequent. If it be the former summary proceedings lie. In case of mere condition advantage can be taken only by action. It is difficult to reconcile results of reported cases when the words of the leases are compared. Yet, there is a fundamental simple rule for the determination of this question of jurisdiction. A citation of cases will serve no purpose because there is agreement as to the rule. The difficulty is in its application.

Basically, hold-over summary proceedings are intended for leases which have expired. Parties, however, may agree upon a fixed term and stipulate that upon the occurrence of certain contingencies the term shall be cut down. When the term is in fact so cut down, in law the remedy of the landlord is the same as when it expires. It is not, as has been intimated in reported cases, that jurisdiction is dependent upon whether the termination is at the will of the landlord. It has long ago been decided that where a lease provides for its termination upon a sale of the premises, at the option of the landlord and upon giving of notice, summary proceedings are proper. Yet, the sale does not terminate the lease; the landlord has the option of transferring the property subject to the lease. Notwithstanding, when he exercises his option by the giving of the notice and the time fixed expires, it has been uniformly held that the lease is at an end and summary proceedings lie. The test, to distinguish between conditional limitation and condition subsequent, is not whether the termination is at the option of the landlord, but whether the lease evinces a clear intention that an event, even though its occurrence is optional with the landlord, shall, when it transpires, end the lease as if it by its terms had been limited to that time.

A landlord may be agreeable to let his property for twenty-one years, yet be unwilling to extend its term beyond a time, after the tenant has had a reasonable opportunity to remove violations ordered by the municipal authorities, failure to comply with which may cause ruin to his property and subject him to penalty and prosecution for crime.

The question here is whether this lease indicates that intention that it shall terminate upon the non-compliance with violations after the giving of a fixed notice, because if the lease merely gives the landlord the option to terminate because of the non-compliance with the violations, that option to be exercised at all must be exercised by the commencement of an ejectment action.

In paragraph 22 of the lease it is provided that " This lease shall

terminate and come to an end at the option of the lessor upon the happening of any of the following contingencies."

If there were nothing more, the landlord's remedy would be by ejectment only. But in subdivision D the intention of the parties is made more clear. It is there provided that " If the lessee shall make default in the performance of any of the covenants of this lease after notice * * * the lessor * * * may give to the lessee written notice of intention to terminate this lease on a day to be named in such notice not sooner than ten days after the service thereof, and thereupon this lease and the term thereunder shall expire and come to an end on such date and the lessee shall thereafter be deemed to be holding over in the possession of said premises without the permission of the lessor."

It would not be seriously questioned that, if, instead of the contingency being the default in the performance of covenants, the words " If the premises be sold " were substituted, the landlord would be entitled to maintain this proceeding. The law makes no distinction between kinds of events. This lease provides for a contingency, namely, the failure to comply with covenants, which gives the landlord an option to serve a ten days' notice of intention to end the lease. Such notice was given and the violations have not been removed. After the ten days fixed in the notice expired, by the language of the lease the term expired and came to an end. Neither party, without the consent of the other, could revive it. The tenant had forfeited his term, but the landlord had likewise lost his tenant. In the last analysis therein lies the distinction between conditions subsequent and conditional limitations. In case of the former, it remains optional with the landlord to waive the event upon which the termination is dependent, and not until decree is the lease at an end; whereas in the latter class the term is at an end before the proceeding commences.

`I award final order to the landlord. Thirty days' stay.