Agnes C. Raywood and Others, Landlords, *v.* Lawrence E. Holden, Tenant, and " John " Strauss and Others, Subtenants.*

Municipal Court of New York, Borough of Manhattan, Fourth District, February 20, 1929.

*Louis Hess*, for the landlords.

*Alexander Bloch*, for the tenant.

Genung, J.  Summary proceeding is brought to recover possession of premises 698 Third avenue, on the ground that the tenant holds over and remains in possession after the expiration of his lease in accordance with the terms thereof.  At the close of the trial the attorney for the landlord and the attorney for the tenant moved for the direction of a verdict and the court took the case from the jury to render decision as if the case was tried without a jury.

The lease provides among other things that the lessee will at his own cost and expense comply with all the statutes, ordinances, rules, orders and regulations, and make such alterations, improvements or repairs, structural or otherwise, as may be required or directed by any of the departments and bureaus applicable to said

---

* Affd., without opinion, by Appellate Term, First Department, June 20, 1929.

premises " for correction, prevention, and abatement of nuisances or other grievances in or upon or in connection with said premises."

The lease also contains the following provision: " In case the lessee fails to comply with the terms, covenants, and agreements of this lease, without notice, the lessor shall have full power and authority to re-enter and have full possession of said premises with, or without legal proceedings, by force, or otherwise, upon giving five days' notice to the lessee of such intention to re-enter and repossess. And upon the expiration of said notice the lessee will quit and surrender the said premises, and the lessor shall be entitled to the immediate possession thereof, and shall not be liable to prosecution for loss or damages in any manner whatsoever."

The petition charges the tenant with having violated the provisions of the lease in three respects: (1) That the store in the premises was rented for purposes other than those permitted by the terms of the lease, without the written consent of the lessors; (2) that the lessee has failed and neglected to comply with the orders of the tenement house and building departments of the city of New York with respect to the premises, and has suffered the owners of the said premises to sustain a conviction as a result thereof; (3) that without the written consent of the lessors the lessees have permitted the use of more than the two upper floors of the building as a rooming and boarding house, thereby constituting the building under the law a lodging house, in that more than fifteen rooms of said building are put to such use.

It is alleged in the petition that five days' notice was given by the owners on the 19th of November, 1928, requiring the lessees and their subtenants to surrender the premises at the expiration of five days, by reason of these several violations of the terms of the lease; that the five days have expired, and that the tenants and subtenants hold over without permission of the landlords, after the expiration of the tenant's term therein.

The tenant's answer, besides denials of the allegations of the petition, contains a separate defense that the use of the premises and the subletting thereof, complained of in the petition, were consented to and acquiesced in by the landlords, and that the landlords waived the provisions of the lease with respect to the character of the occupancy and use of the premises, and that " the violations and orders if any, complained of in the petition herein, were such violations and orders, which under the terms of the said lease were not to be performed or complied with by the tenant herein."

Upon the trial of this action the tenant moved to dismiss the proceeding upon the ground that the provision in the lease with respect to the right of re-entry is not a conditional limitation, but

is simply a right to re-enter for a breach of the condition subsequent, and that, therefore, the landlords are limited in their remedy to an action of ejectment.

It appears from the evidence that after the tenant took possession of the premises under the lease, alterations were made in the building without consent of the landlords, which it is claimed brought the building under the control of the building department, and that without the consent of the landlords, three floors, instead of only two as provided for in the lease, were permitted to be used by the tenant for living purposes, since the time of such alterations. It is .testified to on behalf of the landlords that at no time was there any consent, by the landlords, to the letting or subletting of three upper floors of the building for living or rooming purposes. However, there was some evidence of acquiescence and waiver by the landlords as to such user and occupancy, and it is not necessary to base the decision upon any claimed ·breach other than the failure to comply with the orders of the building department. Upon the trial the parties limited the proof to the claimed breach by the tenant in failing to remove the violation and to comply with the order placed by the building department upon the premises in question.

The landlords offered in evidence a record of the Municipal Term of the Court of Special Sessions of the city of New York, showing the conviction of Mr. Raywood, the agent of the plaintiffs, for failure to comply with the order of the bureau of buildings, which directed as follows: " You are hereby directed to enclose the interior stairway at north side of building, in partitions of fireproof material, partitions to be fire stopped by the floor beams; also provide self-closing fireproof doors at all openings in stairway enclosure with kalamein trim, also make all fixed sash in stair enclosure metal or kalameined frames and wire glass."

The evidence shows that the landlords served notice upon the tenants, requiring them to comply with the requirements of the ·orders of the building department, and of the tenement house department, prior to the conviction of the owners for failure to comply with such order of the building department, which conviction occurred on October 10, 1928, and that the tenant failed to do so.

It was urged in the first place, on behalf of the tenant, that this violation was not one within the purview of the provision of the lease. However, that contention was not seriously stressed, and does not seem to be justified. The main contention of the tenant is that a holdover summary proceeding is not sustainable under the statute upon the facts here presented, in that the tenant's default constituted only a breach of covenant, and that the provisions of the lease do not create a basis for the landlords' claim

of a conditional limitation arising out of the breach, and the notice sent by the landlords pursuant to the provisions of the lease for an earlier termination thereof. In this connection the tenant has cited the recent cases of *Riesenfeld* v. *R-W Realty Company* (223 App. Div. 140) and *Burnee Corporation* v. *Uneeda Pure Orange Drink Company* (132 Misc. 435).

The principal basis for the tenant's contention is that the language of the lease does not expressly state that upon the expiration of the time fixed in the notice, the term was to come to an end, and the lease to be regarded as canceled, but that the provision is to the effect that upon the expiration of the notice " the lessee will quit and surrender the said premises, and the lessor shall be entitled to the possession thereof."

In *Reisberg* v. *Ownit Realty Corporation* (133 Misc. 156) the court said:

" The test, to distinguish between conditional limitation and condition subsequent, is not whether the termination is at the option of the landlord, but whether the lease evinces a clear intention that an event, even though its occurrence is optional with the landlord, shall, when it transpires, end the lease as if it by its terms had been limited to that time.

" A landlord may be agreeable to let his property for twenty-one years, yet be unwilling to extend its term beyond the time, after the tenant has had a reasonable opportunity to remove violations ordered by the municipal authorities, failure to comply with which, may cause ruin to his property and subject him to penalty and prosecution for crime."

In this case it appears that the landlords have been actually convicted for failure to comply with an order of the bureau of buildings, which under the terms of the lease it was the duty of the tenant to remove by making the alterations and improvements called for by the bureau of buildings. In fact, it appears from the evidence that the tenant wrote to the bureau of buildings under date of May 18, 1928, admitting that he had received a notice from Mr. Raywood, calling upon him to do the work on the stairway, specified in the order of the building department, and stating that the reason such work was not done was that the tenant was under the impression that his subtenant would make such repairs pursuant to the requirements of the sublease. This letter concluded as follows: " However, I will see that she [the subtenant] attends to same at once, or have it done myself and charge it to her." It is apparent that the tenant recognized his duty under the lease to comply with this order of the building department, but that he failed to do so by reason of his reliance upon his under-tenant

to make such repairs, by virtue of some provision contained in the sublease whereby the subtenant was obligated to make these repairs. This, however, did not have the effect of relieving the tenant from the obligations of the lease. (*1154 Union Avenue Corporation* v. *Davis*, 223 App. Div. 464; affd., 249 N. Y. 561.)

The provisions of this lease with respect to an earlier termination of the term of the lease arising out of a default by the tenant, supplemented by five days' notice calling for the termination of the lease upon the expiration of such notice because of the defendant's breach, constitutes a conditional limitation under the authorities. The 22d clause of the lease, providing for the five days' notice, also contains the following language at the very inception of the clause: " In case the lessee fails to comply with the terms, covenants, and agreements of this lease, *without notice*, the lessor shall have full power and authority to re-enter, and have full possession of said premises, with or without legal proceedings, by force or otherwise, upon giving five days notice to the lessee of such intention to re-enter and re-possess, and upon the expiration of said notice, the lessee will quit and surrender the said premises, and the lessor shall be entitled to the immediate possession thereof," etc. Neither party in this action has called attention to the phrase " without notice," contained in this clause. This phrase appears to be repugnant to the entire meaning and intention of the clause, and has no apparent logical reason for its existence. The provision with respect to five days' notice is clear and detailed, and the specifications with respect to such notice have been fully complied with by the landlords.

It follows that final order must be rendered for the landlords.