HERMAN COHEN and MOE SALWEN, Copartners, Trading under the Firm Name and Style of HERMAN COHEN & Co., Respondents, v. 515 BROADWAY REALTY CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, January 18, 1934.

*Probst, Probst & Freiberg [David A. Kurke of counsel]*, for the appellant.

*Milton Kleitman*, for the respondent.

FRANKENTHALER, J.  Action by former tenants of the defendant 515 Broadway Realty Corporation to recover damages for breach of covenant of quiet enjoyment.

On or about September 17, 1927, the defendant sublessor, lessee of the building 515 Broadway, subleased to plaintiffs certain premises in the building for the term of four years.  Plaintiffs, pursuant to the terms of the lease, paid the defendant $3,833.34 rent in advance for the months of May, June, July and August, 1928.

In July, 1928, the defendant's landlord, the Edbro Realty Corporation (hereinafter referred to as the Edbro Corporation), brought summary proceedings to dispossess the defendant lessee, apparently for non-payment of rent.  An agreement was made in that proceeding for the settlement of the litigation, but contrary to the terms of the agreement the Edbro Corporation obtained a final order against the defendant herein and issued and executed a warrant for the possession of the building.

Although the plaintiffs, subtenants, had paid the rent for the month of August, 1928, to the defendant it is undisputed that they paid, $958, the amount sought to be recovered in this action, to the Edbro Corporation for the occupation of the premises during the month of August; and this action is to recover that sum as upon defendant's breach of covenant for quiet enjoyment.

No step was taken in the Municipal Court to set aside the warrant or final order; but the defendant sued the landlord for damages for dispossession and obtained judgment in that action for $10,000, which has been affirmed by the Appellate Division.

There was no actual dispossession of the plaintiffs from the premises.

On July 30, 1928, the Edbro Corporation wrote plaintiffs that the marshal had taken possession under the warrant and that it had appointed an agent for the building " and your rent is payable to them until further notice."

On the same day this defendant, plaintiffs' landlord, wrote plaintiffs advising them that defendant had been ousted of possession; that it was instituting proceedings to obtain possession, and should possession be returned defendant would hold plaintiffs liable for rent under the sublease.

The lease which is the basis of plaintiffs' demand is for the term of five years and calls for the payment of an annual rental of $11,500 for the first year and $9,500 for the last four years.

In opposition to the application for summary judgment it is claimed that the lease relied upon by plaintiffs is not the lease originally executed by the parties; that while the lease presented on the motion by the plaintiffs provides for a rental of $11,500 for the first year and $9,500 annually for the last four years, the original lease, although it stipulated for the rental of $11,500 for the first year, provided for a rental of $15,000 for each of the last four years; that after defendant was ousted plaintiffs agreed with the defendant to discharge all claim and demand against defendant in consideration of the destruction of the original lease and the delivery of the new lease calling for the lesser rental. The averments of the opposing affidavit as to the execution of the new lease in 1928 relating back to the beginning of plaintiffs' term are uncontradicted.

The theory of the justice below in awarding summary judgment to plaintiffs is that as the defendant had no right to give a new lease there was no consideration for the instrument, and recovery was summarily granted to plaintiffs as upon an eviction.

It seems to me that there was a consideration for the alleged new lease.

The plaintiffs were not parties to the summary proceeding brought by the Edbro Corporation, for although their copartnership name appears with other names on the face of the precept below the signature of the clerk of the court, the precept is not directed to the plaintiffs as required by section 1418 of the Civil Practice Act, and under the then prevailing construction of the summary statute these plaintiffs, subtenants, were not affected by the issuance of the warrant in the summary proceeding. It is well established that undertenants have a right to prevent forfeiture of their estates arising out of default of the lessee in payment of rent (1 McAdam Landl. & Ten. [4th ed.] 891) — a right which would be of little value if the landlord may without compliance with the provisions of the summary statute terminate their estates in the premises. (Civ. Prac. Act, §§ 1415, 1418; *Croft* v. *King*, 8 Daly, 265; *Neusberger* v. *Brodejefsky*, 31 Misc. 749; *Onward Construction Co.* v. *Lobell*, Appellate Term, First Department, April, 1930; Keogh Landl. & Ten., Summary Proceedings, 213, 491.)

I am not unmindful of the recent decision of the Appellate Division, First Department, in *New York Railways Corporation* v. *Savoy Associates* (239 App. Div. 504), that though a subtenant be not a party to a summary proceeding against the principal

tenant for non-payment of rent, his underlease is canceled by the issuance of the warrant; but even under the doctrine of that decision the over-landlord could not remove these plaintiffs, as they were not parties; and it is presumable that the plaintiffs deemed it to their advantage to have a new lease calling for a lesser rent executed by the defendant, their landlord, in substitution of the original lease, as a basis either for an attornment under such lease or for negotiations looking to a lease from the Edbro Corporation. In the circumstances we cannot say there was no consideration for the alleged new lease; and if the new agreement be deemed one to defraud the owner, since the parties would thus be in equal fault, the condition of the defendant, in accordance with the well-established maxim, would be the better one and thus bar affirmative relief to plaintiffs as upon rescission of the agreement.

Judgment and order reversed, with ten dollars costs to appellant to abide the event, and motion denied.

LYDON and LEVY, JJ., concur.