Bernard Nadel, J.
This is a summary proceeding to recover possession of a store and basement space in 305 Broadway in the Borough of Manhattan from the tenant and undertenant for nonpayment of rent by the tenant. The landlord demands judgment only against the tenant for the sum of $1,166.67, representing the rent for the month of March, 1965.
The undertenant claims a five-year sublease for part of the store from the tenant, commencing October 1, 1963, at a rental of $160 monthly. The sublease, paragraph 36th, specifically recites the major lease and extension agreement and acknowledges that the undertenant has read the major lease and the extension agreement. The major lease and extension agreement were for a term expiring December 31, 1975, and provided for a rental of $14,000 per annum commencing January 1, 1961.
Paragraph 12 of the major lease provides that the landlord may, after default by tenant, collect rent from an assignee, undertenant or occupant and apply the net amount collected to the rent therein reserved, but ‘ ‘ no such assignment, under-letting, occupancy or collection shall be deemed a waiver of this covenant or the acceptance of the assignee, undertenant or occupant as a tenant”. Paragraph 43 of the major lease provides that the landlord will not unreasonably withhold its consent to a sublet or assignment of the lease and provides the procedure for securing consent. Paragraph 44 provides;
*96 “ 44. In the event of an assignment or subletting, the tenant hereby agrees:
“ 1. to remain and continue to be liable for the full payment of the rent herein reserved and for the performance of all the obligations of the tenant under said lease;
“ 2. within five (5) days after the execution of such assignment or subletting the assignee or sublessee will execute in writing an agreement duly acknowledged, wherein and whereby said assignee or sublessee shall agree to be and remain liable for the prompt payment of the balance of the rental herein reserved falling due after such assignment or subletting and for the performance of all the terms and conditions to be performed by the tenant hereunder;
‘ ‘ 3. the assignee or sublessee shall deposit with the landlord as additional security the sum of One Thousand ($1000.00) Dollars.”
“ The requirements set forth in this paragraph shall apply to each and every assignment or subletting of this lease.”
The undertenant has offered no proof that he has complied with paragraphs 43 and 44 of the major lease or that the landlord has consented to the sublease.
The tenant is in default, having failed to appear or answer.
The landlord concedes that the undertenant has tendered the sum of $1,166.67, together with the costs of the proceeding and that it refused to accept the same. The landlord contends that it does not have to accept the rent from the undertenant. The undertenant contends that it has the right to pay the rent upon the default of the tenant in order to protect its undertenancy and that the landlord must accept the same.
In support of its contention the undertenant cites Cohen v. 515 Broadway Realty Corp. (150 Misc. 288) and Peck v. Ingersoll (7 N. Y. 528).
In Cohen v. 515 Broadway Realty Corp. (supra) the subtenants were not named in the precept. The court held that the landlord could not terminate the occupancy of the subtenant without complying with the provisions of the summary proceeding statute and that the final order or warrant for possession against the major tenant, therefore did not affect the subtenants. In the proceeding before this court, the undertenant is specifically named as a party in the precept and petition.
In Peck v. Ingersoll (supra) the undertenant paid the rent to the landlord, who was willing to accept it from the under-tenant. The action was between the tenant and the undertenant, and the court held that the undertenant was entitled to a credit *97 as against the tenant for the amount paid to the landlord. Neither of these cases holds that a landlord must accept the rent from a subtenant upon the default of the tenant.
Upon the default of the tenant in the payment of rent, the undertenant may pay the rent to the landlord if the landlord is willing to accept it, and the undertenant would then have a right to recover damages from the tenant for breach of quiet enjoyment.
In 214 West 39 St. Corp. v. Miss France Coats (274 App. Div. 597, 599-600) the court stated: “ The landlord is not required to accept performance of the terms of the main lease by a subtenant of his tenant but can insist upon the performance by the latter with whom he is in privity. (1154 Union Avenue Corporation v. Davis, 223 App. Div. 464, affd. 249 N. Y. 561.)”
In 1154 Union Ave. Corp. v. Davis (supra) the plaintiff, a subtenant, sued the tenant for damages by reason of the tenant’s failure to comply with the provision in the major lease which required the tenant (defendant) to deposit a sum of money as security with the landlord. The tenant failed to deposit said security and the plaintiff (subtenant) offered to deposit said security, but the major landlord refused to permit him to post the security. The landlord brought summary proceedings and evicted the major tenant and the plaintiff subtenant. The Appellate Division states (p. 465): “ The defendants failed to comply with the provision of the original lease with respect to the giving of security on May 30, 1923. The plaintiff sought to make good this default, but there has never been any attornment to the original landlords and they refused to accept the security from any one other than their original tenants, the defendants. * * * The original landlords were under no obligation to accept the rent or security from any one but their own tenants. If the defendants had failed to pay the rent to the original landlords they would clearly have violated the covenant of quiet enjoyment in the sublease. They similarly violated it in failing to post the security. The covenant of the sublease to comply with the terms and conditions of the original lease cannot be construed as putting on the subtenant or its assignee the obligation to do what they could not do without the landlords’ consent. No one other than the defendants could post the security without the consent of the landlords and it was their affirmative duty to post the security. Their failure so to do breached the covenant of quiet enjoyment.”
The subtenant cannot, upon the default of the tenant, undertake the rights and obligations of the tenant, without the consent *98 of the landlord. He cannot compel the landlord to accept him as the tenant of the entire premises.
The landlord is not compelled to accept the rent from the undertenant. The major tenant having defaulted in the payment of rent, the landlord is entitled to possession of the premises.
Final judgment for the landlord in the sum of $1,166,67 as against the tenant, Stanpud Operating Corp., and for possession of the premises as against the tenant and the undertenant. Execution of warrant is stayed until April 30, 1965,