Sheldon S. Levy, J.
This holdover proceeding, as captioned, was brought by Teachers College (not further identified in the caption) as petitioner against Shirley Wolterding as respondent and “ John Doe ” and “ Mary Roe ” as respondent [sic]. The notice of petition identifies Shirley Wolterding as tenant and John Doe and Mary Roe as undertenant [sic]. A further statement appears in the caption of the notice of petition that “ First name of Undertenant being fictitious and unknown to petitioner, Person intended being in possession of the premises herein described.”
Initially, this proceeding was commenced because the tenant of subject rent-controlled apartment allegedly violated a substantial obligation of her tenancy by subletting the premises without petitioner’s permission. An inquest was held and final judgment was awarded to petitioner. Now, the person in actual possession of the apartment, Ricardo Moore — the alleged illegal subtenant (hereinafter “ subtenant ”) —moves to dismiss the petition upon the ground that it (and the notice of petition) are jurisdictionally defective.
The original basis for the subtenant’s present application was a claim that the proceeding was improperly instituted in behalf *466 of a corporation, because the petition failed to allege the name of the individual bringing the cause in the caption. Here, as in 300 West Realty. Co. v. Wood (69 Misc 2d 580, affd. 69 Misc 2d 582), it does not appear from the caption of the petition whether the legal entity which has commenced the proceeding is a partnership, a company or a corporation. Nor, if a corporation, is it set forth whether domestic or foreign, and, if foreign, the State, country or Government by or under whose laws it was created.
Nevertheless, unlike the 300 West Realty Co. case, the body of this petition clearly identifies petitioner as a domestic corporation and the verification is that of the petitioner by its business manager-agent. The petition is not brought by a “ legal representative, attorney, agent or assignee of the landlord ” pursuant to subdivision 8 of section 721 of the Real Property Actions and Proceedings Law, but by the corporate landlord itself under subdivision 1 of section 721. Thus, the court is here faced with the petition of the actual owner corporation rather than that of any representative of said corporation. Accordingly, the technical omission in the caption of the petition must be considered a triviality at most; de minimis in law; and amendable in course (Siegelstein v. Auslander, 126 N. Y. S. 713; Rosgro Realty Co. v. Braynen, 70 Misc 2d 808; CPLR 2001, 2101, subd. [f]; 3 Rasch, New York Landlord & Tenant, Summary Proceedings [2d ed.] [hereinafter 11 Basch ”], §§ 1243, 1279).
Finally recognizing this point, the subtenant then shifted his jurisdictional attack to the alleged impropriety of the verification of the petition. Since 1965, pursuant to section 741 of the Real Property Actions and Proceedings Law, all summary proceedings must be verified. Moreover, such verification is a jurisdictional requirement (3 Rasch, § 1246). The verification must be made by such persons as are delineated by a joint reading of CPLR 402 and 3020. Thus, if the proceeding is brought by a corporate landlord in its own name, it may be verified by the corporation as a party by an officer thereof (CPLR 3020, subd. [d], par. 1) or by a representative of the corporation in accordance with CPLR 3020 (subd. [d], par. 3). In both instances, a proper caption for the proceeding would read: “ XYZ Landlord Corp., a corporation organized under the laws of New York State, petitioner, against John Tenant, respondent ” (Hirent Realty Corp. v. Mosley, 64 Misc 2d 1011, 1012).
As stated, this proceeding was commenced by Teachers College, the fee owner of the premises, as petitioner. It is a domestic corporation organized under the Education Law of New York *467 State. This fact should properly be stated in the caption of the proceeding, but its lack is amendable. The petition is subscribed ‘ ‘ Teachers College by Gene Landriau ’ ’ and is verified in the name “ Gene Landriau ”. The verification states: Gene Landriau, being duly sworn, deposes and says: I am the Business Manager of Teachers College, petitioner named in the foregoing petition, and have read the foregoing petition and know the contents thereof; and the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.
In only two instances are items stated as being upon information and belief; namely, that the prime tenant permitted the subtenant to occupy the premises and that the subtenant has failed to vacate the premises although afforded notice to do so.
Landlord alleges, and the subtenant concedes, that Gene Landriau is an agent of petitioner. As an agent of the named corporate petitioner, Landriau’s verification is valid, but only if he alleges such facts as would authorize verification by an agent pursuant to CPLR 3020 (sub. [d], par. 3).
Inter alia, CPLR 3020 (subd. [d], par. 3) permits an agent or an attorney to verify for a party if all of the material allegations of the petition are within the personal knowledge of such agent or attorney.
A joint perusal of this petition and its verification reveal certain plain allegations. Gene Landriau sets forth that petitioner is the fee owner of the premises involved and that he himself is petitioner’s business manager. Thus, although not explicitly stated, his authority to institute this proceeding in the name of petitioner is apparent.
With the agent’s authority thus stated, and all material allegations of the petition set forth in a definitive, verified manner, the statement in the verification that the petition has been read by said agent and that he knows the contents thereof, etc., is tantamount to an allegation that all of the material facts therein are within his personal knowledge and is adequate as such for the purpose intended by the statutory requirement (Reserve Finance Corp. v. Rosen, 127 Misc. 591, affd. 218 App. Div. 811; 3 Rasch, §§ 1261, 1262, 1264).
The justification for the corporate agent’s verification in this instance is likewise sufficiently apparent by virtue of his stated knowledge of all of the material allegations of the petition and óf his stated position as business manager of the corporate party (see Kreiling v. Jayne Estates, 51 Misc 2d 895).
*468 In addition, minor errors in a verification should be readily correctable so long as no prejudice appears and opposing parties have been afforded adequate particulars in verified form to identify the transaction or occurrence involved and the material elements of the cause (see Foley v. D’Agostino, 21 A D 2d 60). I can find no serious fault, therefore, with the verification of this petition.
Since no substantial merit appears as to either of movant’s jurisdictiohal forays upon this petition, it would be a simple matter for the court to end its deliberations at this juncture and to declare the petition wholly valid. Nevertheless, the court is not obliged to consider only the subtenant’s multi-pronged charges of improper jurisdiction and cannot and should not close its eyes to any other jurisdictional defect — whether raised by the parties or not — especially one obvious on its face from a mere reading of the petition and notice thereof. If such appears, even upon the court’s own exploration and investigation, the court has inherent power to act (see Circulation Assoc. v. Mother’s Manual, 53 Misc 2d 225) and ought not bury any transparent lack of jurisdiction, ostrich-like in the sands of sloth and expediency.
Accordingly, to this point, the discussion has focused upon errors of commission or omission — inconsequential in nature, nonprejudicial in substance and correctable at any stage of the proceedings, even on the court’s own initiative. However, while a court may permit amendment to rectify mere defects and irregularities in pleadings and in the forms thereof, it is equally well established that 11 A summary proceeding is a .special proceeding governed entirely by statute * * * there must be strict compliance with the statutory requirements to give the court jurisdiction [citing cases]. The essentials of the petition and notice of petition are specifically regulated and strictly construed [citing cases] ” (Goldman Bros v. Forester, 62 Misc 2d 812, 814-815, emphasis supplied; see, also, 300 West Realty Co. v. Wood, 69 Misc 2d 580, affd. 69 Misc 2d 582, supra).
One of the essentials of a petition and notice of petition is that the interest of the parties in the premises must be stated (Real Property Actions and Proceedings Law, § 741). The caption of this petition and notice of petition, subscribed and verified on July 19, 1973, describe the subtenants as John Doe and Mary Roe. However, paragraph 5 of the petition plainly identifies the subtenants, at least, as “ H. Ricard Moore and other persons unknown to petitioner The joint petition- and notice of petition were personally served upon one ‘ ‘ Richard A. Moore, undertenant,” by petitioner’s process server on July 20, 1973. *469 Previously, on or about April 25, 1973, petitioner had served upon ‘ ‘ H. Ricard Moore and all other persons occupying ’ ’ the subject apartment a notice to vacate the premises by May 31, 1973.
CPLR 1024 states that: “ A party who is ignorant in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known.” Furthermore, under this section: “ If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name ” (emphasis supplied). In addition, if a party wishes to secure the restrictive benefits of CPLR 1024, it should demonstrate to the court by affidavit that the party or parties named as unknown were actually unknown at the time the papers were drawn and served and that genuine, diligent and timely inquiry was made initially to discover the true names (Chavez v. Nevell Mgmt. Co., 69 Misc 2d 718; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1024.04).
The facts here, however, are that this petitioner knew a name of at least one of the subtenants long before court papers were drawn and served and long before the proceeding was officially commenced. For that reason alone, even the restrictive benefits of CPLR 1024 are unavailable to this petitioner in this proceeding. Nor may the caption of the proceeding now be amended to provide for the true name of the subtenant under these circumstances. Thus, in actuality, no real subtenant is named as a party in this irregularly captioned proceeding (Breindel v. Shaw, N. Y. L. J., June 8, 1973, p. 20, col. 7; Bon Prop. Co. v. Torrens, N. Y. L. J., July 15, 1971, p. 9, col. 6); the subtenant has not been properly identified in this “ Doe-Roe ” petition; and substantial potential rights of the actual subtenant have been prejudiced by this failure.
The requirement of section 741 (subd. 2) of the Real Property Actions and Proceedings Law, that a petition must state a respondent’s interest, is applicable also to undertenants and assigns (see 2 Rasch, § 1176). Moreover, the requirement is jurisdictional in nature and, apparently, may be raised for the first time on appeal, even if not raised as an objection in the answer to the summary proceeding (see 3 Rasch, §§ 1259, 1260, 1267). Thus, even if the subtenant appeared in court to request an adjournment (and the court records merely indicate that the proceeding was once adjourned, without noting at whose request and upon whose appearance) and defaulted on the trial date, the court never acquired jurisdiction over him and should not exercise such jurisdiction indiscriminately now (Bon Prop. Co. *470 v. Torrens, supra; Matter of Marluted Realty Corp. v. Decker, 46 Misc 2d 736, 740).
It is basic law - — ■ and more basic justice — that the subtenant of a premises, whether a legal subtenant or not, who is the actual occupant thereof, has the right to contest in court summary proceedings brought against his sublessor, even if the subtenant is not actually or properly named as a party in the proceeding (cf. 1 Rasch, § 239). His rights to possession, if any, may be affected prejudically (Cohen v. 515 Broadway Realty Corp., 150 Misc. 288). In fact, reversible error would result if a subtenant’s answer were stricken, even if the prime tenant had defaulted in appearing (Neusberger v. Brodejefsky, 31 Misc. 749).
However, it has been held that subtenants are proper but normally not necessary parties to a summary proceeding. Necessary parties are those without whose presence the court cannot proceed to judgment; proper parties, if absent, will not prevent the entry of final judgment, but, if present, would make such judgment more complete (2 Rasch, § 1202). In the leading case of Atterbury v. Edwa (61 Misc. 234) the tenant objected to the proceeding because of the nonjoinder of the subtenant. The court stated that the statute: “ does not require the under-tenants to be joined. All that it requires is that the petition shall name or describe the persons against whom the special proceeding is instituted. Under-tenants are proper parties to a summary proceeding, but they are not necessary parties. If a failure to name them as parties would defeat a landlord’s right to evict them, the objection may be taken advantage of by the under-tenants, and not by the tenant. The tenant cannot shelter himself behind his sub-tenants ” (emphasis supplied).
Since the subtenant here has not properly been made a party, the petitioner is incorrect iff believing that the subtenant can be ousted by a warrant of eviction resulting from this proceeding against the primary tenant. The rule to be applied is that, if the landlord wishes complete legal possession, he must join as parties all persons in possession who possibly derive title through the main tenant, except such individuals as spouses, temporary guests and the like. If he fails properly to join a subtenant, he will not legally be able to remove such subtenant if a warrant is obtained in that proceeding.
Since the obvious intention of the landlord by way of this proceeding is to secure full possession of the subject apartment, it would not benefit petitioner in the least to obtain a warrant of eviction against the prime tenant alone when the subtenant in possession remains in possession and cannot be evicted by means of the present “ Doe-Roe ” petition. . Subtenant’s evic *471 tion under such a warrant would be wrongful (Fults v. Munro, 202 N. Y. 34; New York Rys. Corp. v. Savoy Assoc., 239 App. Div. 504; Cohen v. 515 Broadway Realty Corp., 150 Misc. 288, supra; Rasch, §§ 239, 1203, 1204, 1390) and could, in addition, potentially serve as a base for a subsequent damage suit against the landlord’s attorney if such void or irregular court process were utilized in that manner.
In fact, a danger exists that a city marshal, who has not read or had called to his attention this decision, might be tempted or might attempt to evict the subtenants merely on the basis of a warrant containing the “ Doe-Roe ” appellation for the subtenants.
Moreover, it should be noted that the court makes no determination at this time as to whether a subtenant in possession of a rent-controlled premises must or should be served with all of the notices required to be served upon a rent-controlled tenant under sections 2 (subd. o), 52 and 53 of the New York City Rent, Eviction and Rehabilitation Regulations.
Finally, in view of the necessity for petitioner now to commence a new proceeding, it would be an act of diligence and prudence for it now also to make proper inquiry; to serve all required notices and papers upon all interested parties; and to incorporate into any subsequent petition all of the suggested amendments outlined herein.
Accordingly, for all of the reasons stated, and in the interests of justice for all of the parties involved, named and unnamed, this proceeding is dismissed without prejudice.