Robert W. Coutant, J.
Petitioners filed a notice of petition and petition on August 9, 1974, seeking the return of possession of an apartment under the control of respondent. The earlier decision and judgment were vacated by order of this court dated July 31, 1975, and argument was heard de novo on August 13, 1975.
The controlling facts are not disputed. Petitioners began their tenancy in the subject premises in April, 1969, and continued thereafter without interruption. On December 23, 1973, a fire occurred in the apartment, causing extensive damage. Respondent advised petitioners that it would be necessary to remove to other quarters to allow the necessary repairs to be made, to which petitioners agreed. The following month, petitioners moved out of the apartment, and repairs were commenced. By letter dated March 4, 1974, petitioners, who had not yet been allowed to return to their apartment, were notified by respondent that it had "determined that you are ineligible for Public Housing”. Petitioners then retained counsel, who by letter dated March 13,1974, contacted respondent and requested "a hearing on behalf of the Allans in connection with the claim of 'ineligibility’, and written notice of the reason or reasons of such alleged ineligibility”. A subsequent letter to the same effect was sent on April 4, 1974. (It is agreed that in the event tenants in public housing are later determined to be ineligible and their tenancy is terminated on that basis, they are entitled to be advised of the reasons therefor, and to a hearing, if proper demand is made.) By letter dated April 30, 1974, counsel for respondent acknowledged receipt of both of the above letters, and stated that "it is the position of the Authority that (respondents) voluntarily surrendered possession of their apartment pursu *934 ant to Section 227, Real Property Law”. Meanwhile, repairs to the apartment had been completed by the end of March and respondent had rented it to new tenants on or about April 11, without notice to the Allans.
Petitioners then commenced this action under article 7 of the Real Property Actions and Proceedings Law to regain possession, claiming that they were being "forcibly kept out” contrary to law and Federal and State regulations. In its answer, respondent repeats as a defense the claim that petitioners had voluntarily surrendered the premises pursuant to section 227 of the Real Property Law. During oral argument and in memoranda of law earlier submitted, the parties raise both procedural and substantive issues worthy of discussion.
Respondent contends that petitioners are without standing to bring a summary proceeding, and cites subdivision 1 of section 711 of the Real Property Actions and Proceedings Law for the proposition that only a landlord or new lessee may maintain such a proceeding. However, subdivision 11 of section 721 clearly states that "[t]he proceeding may be brought by: [t]he lessee of the premises, entitled to possession”. That subdivision was added for the specific purpose of allowing a lessee to seek summary relief where he has been denied the possession of leased premises to which he is entitled.
Secondly, respondent claims that even if petitioners have standing, there are no statutory grounds upon which the relief sought can be granted. As noted above, petitioners maintain they are entitled to proceed under subdivision 10 of section 713, claiming that the current tenants remain in possession by force and the respondent has detained the premises by force since the completion of repairs. Earlier cases held that the element of force was to be construed literally, and required some showing of violence, menace or physical intimidation. Such is clearly not the case here. The petitioners removed from the premises by agreement, and were given to understand at that time that they would re-enter and resume their tenancy upon completion of repairs. This continued to be their understanding until notification by respondent of alleged "ineligibility”. When respondent subsequently claimed that petitioners had voluntarily surrendered the apartment, their reentry was effectively prevented because respondent had let the apartment to new tenants. Thus, although new tenants had not entered by force, does the foregoing come within the scope *935 of forcible detainer by the respondent? I hold that it does. There appears to be no basis in law or logic for requiring one entitled to possession to resort to physical violence in order to earn access to judicial process. The requirement of "force” should be interpreted as "physical means” rather than "physical force”. There is precedent for such a view. In Yates v Kaplan (75 Misc 2d 259), an occupant of an apartment was induced to leave that apartment to allow fumigation. Upon her subsequent return, she found the door padlocked, which act was attributed to the landlord. It was held (p. 260) that the padlocking of the door constituted "sufficiently forcible detainer to make out * * * [a] cause of action under subdivision 10 of section 713”.
Respondent also contends that the true thrust of petitioners’ complaint is that their eligibility for public housing was improperly terminated because the authority failed to state the reasons for the termination or to afford petitioners a hearing, and that this court is without jurisdiction to review the propriety of the authority’s action or to order it to conduct the required hearing. Therefore, respondent urges that the petition be dismissed and that petitioners seek review in Supreme Court in a proceeding under CPLR article 78. It is true that respondent initially claimed that petitioners had been denied reinstatement because they were no longer eligible. However, it is clear respondent abandoned such a claim upon initial inquiry by petitioners, and have consistently maintained since that time that the reason for the detainer was voluntary surrender. Therefore, I find that voluntary surrender is the exclusive defense raised by respondent, and do not reach the question of the availability of summary proceedings where the authority declares a tenant "ineligible” and deprives him of access without benefit of reason or hearing.
Having determined that the petitioners herein have standing and grounds to seek summary relief and are not restricted to review under CPLR article 78, it must next be determined whether the petitioners voluntarily surrendered the premises within the meaning of section 227 of the Real Property Law, and thereby forfeited their right to possession. Section 227 was designed to relieve a tenant from the harsh common-law obligation to continue to pay rent for the duration of the lease even though the premises had been destroyed. Its effect is to give the tenant, where the premises become uninhabitable, *936 the option to terminate the leasehold, and thus terminate his liability for rent accruing thereafter. Such was clearly not the case here. Landlord and tenant agreed that it was necessary for the tenants to vacate in order to allow repairs to be done. There was never any intent by the tenants to terminate their tenancy nor could the respondent have reasonably assumed that such was their intention. This court is satisfied that the petitioners did not voluntarily surrender the premises within the meaning and intent of section 227, and that they have been forcibly prevented from re-entering premises which they are entitled to occupy as lessees.
There remains a question as to whether, in a summary proceeding under article 7 of the Real Property Actions and Proceedings Law, this court has the power to reinstate into possession such a tenant, particularly when the respondent has re-rented the premises and a new tenant is in possession. Under earlier statutes defining the powers of the court, it appeared clear that it could determine who was entitled to possession, but could not direct the reinstatement of a tenant. In enacting section 212 of the Uniform City Court Act, however, the Legislature expanded the equity powers of the City Court to provide that "in the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings”. Inasmuch as summary proceedings are made returnable in city courts, and the purpose thereof is to allow a simple and expeditious means of determining the right to possession, it follows that section 212 confers upon city courts such equitable powers as are necessary to effectuate the purpose of a summary proceeding. (Real Property Actions and Proceedings Law, § 701; Matter of Marluted Realty Corp. v Decker, 46 Misc 2d 736; Markese v Cooper, 70 Misc 2d 478.)
However, the jurisdiction of the court does not extend to those who have never been made a party to the action. The current tenants of apartment 14-A, Carlisle Apartments, whoever they may be, have never been served with a copy of the notice of petition and petition, nor have they been named as a party to this proceeding. Therefore, this court has never acquired jurisdiction over them. Petitioners urge that failure to name or serve the present occupants cannot be used as a defense by the respondent, citing Teacher’s Coll. v Wolterding (75 Misc 2d 465), and Atterbury v Edwa (61 Misc 234). I find their attempted analogy to be wide of the mark. Each of the *937 cited cases deals with a proceeding by a landlord to evict a tenant without properly serving all of the subtenants. The courts held that the primary tenant could not "shelter himself behind his subtenants”, and, therefore, the petition would be granted against the primary tenant. However, those courts also held that those occupants who had not been served could not be evicted in the same proceeding, because the court had no jurisdiction over them. I do not think it permissible to analogize the authority to a tenant and consider the present occupants as its subtenants. Clearly, the authority is the landlord, and the present tenants are the sole occupants; as such, they are not only proper parties, but necessary parties. Inasmuch as petitioners seek reinstatement in that apartment, and such relief necessarily requires the eviction of the current occupants, the requested relief is beyond the jurisdiction of the court. (Matter of Marluted Realty Corp. v Decker, supra.)
The petition is dismissed, without costs and without prejudice to renew upon joining all necessary parties.