Requestor: Susan Marie Tatro, Esq., Town Attorney Town of Colonie P.O. Box 508 Newtonville, New York 12128-0508
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to a request from your office for an Attorney General's opinion as to the applicability of section 235 of the Real Property Law.
Under section 235, it is a criminal offense for a landlord[1] to withhold willfully certain necessary services which are required under a lease or rental agreement. These services include hot and cold water, heat, light, power, elevator service, telephone service or any other service or facility which is necessary to the proper or customary use of such building. RPL § 235(1). Section 235 also makes it an offense for landlords and their agents or employees willfully and intentionally to interfere with the quiet enjoyment of the leased premises. Ibid. Offenses against section 235 are classified as violations, punishable by fine and a term of imprisonment not to exceed 15 days. See, Penal Law §10.00. A key element of the offense is proof that the lease — either explicitly or implicitly — obligates the landlord to provide the services which were not provided. People v Gruenberg,67 Misc.2d 185 (NYC Crim Ct 1971); People v Blindman, 42 Misc.2d 636 (App Term 1st Dept 1964); People v Weiss, 237 N.Y.S.2d 910 (App Term 1st Dept 1962).
You have asked whether a landlord is in violation of section 235 when he or she locks a tenant out of a building without authority or justification. Inasmuch as a lockout prevents the tenant from receiving any of the services to which he or she is entitled under the lease, in our view the landlord would be in violation of section 235 under these circumstances. Indeed, being denied access to the building is the ultimate denial of the right to "quiet enjoyment of the leased premises".
You have also asked whether section 235 applies to commercial leases. By its terms, section 235 applies to any lease or rental agreement which requires the furnishing of the above-mentioned necessary services. Although section 235 does not otherwise define the terms "landlord" and "tenant", we see no reason why the protection of the section should not apply to commercial and residential leases alike. A commercial tenant has just as much need for, and is just as dependent upon necessary services as an individual tenant.[1]
With regard to your question as to police intervention in resolving lockouts, we note that the scope of section 235 is limited to making certain willful violations of a lease a criminal offense. Enforcement of the section is accomplished by means of a criminal action commenced by a district attorney or other prosecutor. N.Y.C. Housing Authority vMedlin, 57 Misc.2d 145, 150 (NYC Civ Ct 1968); see, I. Kalfus Inc. v AdPress, 185 Misc. 214 (App Term 1st Dept 1945). Section 235 does not provide any private, civil cause of action for the tenant to regain the services which are being withheld. Ibid. Furthermore, section 235 does not provide any mechanism or procedure which authorizes a police officer to resolve a dispute between a landlord and tenant. If a tenant has a dispute with a landlord as to the right of occupancy of the leased premises, the proper avenue for prompt relief is a summary proceeding pursuant to article 7 of the Real Property Action and Proceedings Law. RPAPL § 721; Allan v Binghamton Housing Authority,82 Misc.2d 932 (Binghamton City Ct 1975); see, Morrisania Associates vDelgado, 86 Misc.2d 68 (NYC Civil Ct 1976).
We conclude that a complete lockout of a residential or commercial tenant from any use of the leased premises is a violation of section235 of the Real Property Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
[1] The section also applies to any "lessor, agent, manager, superintendent or janitor". Real Property Law § 235(1).
[1] We note that section 235-d of the Real Property Law, which protects loft tenants from harassment by the intentional disruption of necessary services explicitly defines tenant to include persons and businesses. RPL § 235-d(3). Section 235-f, however, which prohibits unlawful restrictions on the occupancy of residential premises, limits the definition of tenant — for its purposes only — to persons.