(61 Misc. Rep. 234.)

ATTERBURY v. EDWA.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. LANDLORD AND TENANT (§ 301*)—RECOVERY OF POSSESSION—PARTIES—
   DEFENDANTS.
   Under Code Civ. Proc. § 2235, requiring the petition, in summary
   proceedings to recover real property, to name or describe the person
   against whom the special proceedings are instituted, subtenants are
   proper, but not necessary, parties; and, if a failure to join them would
   prevent the landlord from evicting them, they only can take advantage
   of the nonjoinder, and not the tenants.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §
   1296; Dec. Dig. § 301.*]

2. PAYMENT (§ 16*)—EXISTING DEBT—PAYMENT BY NOTE—BURDEN OF PROOF.
   A note for an existing debt does not discharge it, in the absence of a
   showing that it was given and accepted in payment.
   [Ed. Note.—For other cases, see Payment, Cent. Dig. § 63; Dec. Dig.
   § 16.*]

3. PAYMENT (§ 18*)—NOTE OF THIRD PERSON.
   Where a note of a third person is given for an existing debt, it is
   not a payment of the debt unless it was expressly received as such.
   [Ed. Note.—For other cases, see Payment, Cent. Dig. § 78; Dec. Dig.
   § 18.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Summary proceeding by Albert H. Atterbury against Laura Edwa. From a final order of dispossession, and from an order denying a motion for a new trial, the tenant appealed.   Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Bernard J. Tinney, for appellant.
Albert H. Atterbury, in pro. per.

HENDRICK, J.   This is an appeal by a tenant from a final order of dispossession, and from an order denying a motion for a new trial.   But two questions that merit discussion are raised on this appeal:   First, whether the failure to make the undertenants parties is fatal to the proceedings; and, secondly, whether the acceptance of the indorsed notes was a payment of the rent.   Section 2235 of the Code does not require the undertenants to be joined.   All that it requires is that the petition shall name or describe the persons against whom the special proceeding is instituted.   Undertenants are proper parties to a summary proceeding, but they are not necessary parties. If a failure to name them as parties would defeat a landlord's right to evict them, the objection may be taken advantage of by the undertenants, and not by the tenant.   The tenant cannot shelter himself behind his subtenants.   The notes were four in number, each for $300. They were given on April 28th for the amount of the rent for April and May.   The April rent was $600.   It became due on April 1st.   As to that rent, two of the notes were given for an existing debt.   The law is clear that, when a note is given for an existing debt, it does

not discharge the debt, but the burden is on the debtor to show affirmatively that it was given and accepted in payment; and the rule is the same even if the note is that of a third party. In this case there is no such proof, and there is evidence to sustain the opposite view. The evidence in the case leads irresistibly to the conclusion that the whole transaction, so far as the tenant is concerned, was intended to defraud the landlord and deprive him of his property under the protection of law. This court, like the trial court, will not lend itself to advance such a purpose.

Final order affirmed, with costs. All concur.