EDWARD J. QUINN, Respondent, *v.* THOMAS McCOCHRANE,
Appellant.

Third Department, November 13, 1924.

Forcible entry and detainer — action to recover damages — defendant
    was surety for plaintiff on lease — plaintiff as collateral security assigned
    his interest in lease to defendant — defendant who was accompanied
    by locksmith and policemen ordered plaintiff out — plaintiff left build-
    ing but was not forcibly ejected — evidence does not establish forcible
    entry and detainer — damages — defendant paid rent during his occu-
    pancy — error to direct verdict for amount of rent and judgment for
    treble that amount — measure of damages is difference between rent
    and actual value of lease.

The plaintiff did not make out a case of forcible entry and detainer against the
    defendant, since the evidence shows that the defendant became surety on a
    lease of real estate to the plaintiff and the plaintiff assigned his interest in the
    lease to the defendant as collateral security; that thereafter the defendant went
    to the leased property accompanied by a locksmith and two policemen and
    ordered the plaintiff to leave; and that after some argument and some persuasion
    by the policemen the plaintiff left the building but was not forcibly ejected
    therefrom.

It was error for the court to direct a verdict for the amount of the rent during
    the occupancy of the premises by the defendant and order judgment for treble
    that amount, since it appears that the defendant paid the rent during the time
    he occupied the premises.

The true measure of damages which should have been applied is the difference
    between the rent reserved and the value of the use of the premises for the
    period the plaintiff was out of possession.

APPEAL by the defendant, Thomas McCochrane, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of Rensselaer on the 26th day
of March, 1924, for treble the amount of the verdict, directed in
favor of the plaintiff, in an action for forcible entry and detainer.

*Abbott H. Jones* [*P. C. Dugan* of counsel], for the appellant.

*James Farrell*, for the respondent.

McCANN, J.:

On August 30, 1920, Foster A. Hartwell, as lessor, and Edward
J. Quinn, as lessee, entered into a written lease of certain real
estate in the city of Troy. The term of the lease was three years
from the 1st day of September, 1920, with the privilege of two
years additional at a rental of $250 per month. Plaintiff went
into possession at once. The defendant Thomas McCochrane by
written instrument became a surety " for the punctual payment
of all the rent and the performance of all the covenants in the above

lease, to be paid and performed by Edward J. Quinn." As collateral security for such suretyship, Quinn assigned and transferred all of his right, title and interest to McCochrane in the lease. The first month's rent was paid. As to whether it was paid by plaintiff or defendant is in dispute but is not material on this appeal.

The action is to recover treble damages for an alleged forcible entry and detainer made by the defendant of the premises in question. The answer is a general denial. On the trial of the case at the close of the evidence the presiding justice directed a verdict in favor of the plaintiff for $4,375 damages, being the amount of rent from September 25, 1920, the date upon which it is claimed that forcible entry was made, until March 10, 1922, being the period of time the defendant was in possession. The verdict was trebled and judgment entered accordingly. The defendant raises several questions on appeal, the first of which is the sufficiency of evidence to justify the finding of a forcible entry and detainer. It falls far short of sustaining the judgment directed. The proof of such forcible entry is that upon the 25th of September, 1920, the defendant in company with a Mr. Casey and Mr. Mangione, a locksmith, came to the premises and the defendant stated to the plaintiff that he wanted the keys. Plaintiff then testified as follows: " McCochrane said that he wanted the keys; that he stood enough of my monkey business for a week and he wanted the keys. I told him I wouldn't give him any keys, he wasn't entitled to any keys. With that he called in Officer Millington and Sergeant Comiskey and told them to put me out. I refused to get out. I went to use the telephone and Mr. McCochrane passed me in the areaway going to the south show room and he pushed me. * * * I got out when I was taken right to the door and put out. * * * The officer brought me right to the door and escorted me out of the door."

Mr. Casey, witness for plaintiff, testified that he went to the place of business with the defendant and a locksmith; that defendant told plaintiff that he was going to change the locks. In a few minutes the two policemen came in and one of them stated to Mr. Quinn that " he had better not have any rumpus there; that there were other ways of settling it, and Mr. McCochrane told him [plaintiff] that he owned the place, or had charge of the place, or leased the place and wanted Mr. Quinn put out." There was no disturbance of any kind. The locksmith changed the keys and left the place. The locksmith testified that the policemen told Quinn " you have got to get out of here," and Officer Comiskey testified that McCochrane said to him: " ' This is my place and I want this man out.' * * * I knew Mr. Quinn and I said ' Ed, now we don't

want any trouble here, this man claims it is his place and you have got to get out.' He said to me ' Can I use the telephone?' and I said: ' You can with Mr. McCochrane's permission.' Mr. McCochrane said ' All right, let him use it,' and so he did. * * * In a minute or two " Mr. Quinn went out. In reference to force being used, he testified: " Well, we had to use a little persuasion on him because he didn't want to go." The officer also testified that no one put his hands on Quinn; that there was no disturbance of the peace, nothing caused him to go there except that he was requested to by McCochrane. Officer Millington testified that there was some loud talking before they went in and McCochrane said: " This man don't belong here and I want him to get out;" that Officer Comiskey said: " Now, Ed, you have got no right in here, why don't you go out like a man and settle this thing in court? " that thereupon Mr. Quinn left the place. Millington also testified that he did not put a hand on Quinn; that the only time when the latter was touched was when Officer Comiskey said to Quinn: " Now, Ed, I wouldn't have any trouble here." There is no proof of any force or threats used or of any intimidation on the part of the officers. There is nothing in the evidence to bring the case within the rules laid down with reference to the necessary force to be used to recover in an action of this nature. In the case of *Fults v. Munro* (202 N. Y. 34) the rule is laid down that to make the entry forcible, "the force used must be unusual and tend to bring about a breach of the peace, such as an entry with a strong hand, or a multitude of people, or in a riotous manner, or with personal violence, or with threat and menace to life or limb, or under circumstances which would naturally inspire fear and lead one to apprehend danger of personal injury if he stood up in defense of his possession." It is suggested that the presence of officers of the law was intimidation. The evidence shows that the policemen who were present at the time did more in an advisory capacity than otherwise. The verdict in so far as it rests upon the question of forcible entry is contrary to the evidence.

The second question raised is the right of the court to direct a verdict. The record shows much discussion held between the court and the attorneys, but the conclusion which must be reached is that the defendant acquiesced in taking the case from the jury and in permitting the decision by the court. The court erred, however, in directing a verdict based upon a forcible entry and detainer, also in allowing as damages the full amount of rent of the premises as agreed upon between plaintiff and the owner during the period while the defendant was in possession. During all this period the defendant paid the rent and certainly during that time

the plaintiff had sustained no damages by reason of such payment. The court believed that the true rule of damages was the rent. The rule of damages which should have been applied in this case is the difference between the rent reserved and the value of the premises for the period the plaintiff was out of possession. It is quite possible that in this case there was no value of the premises over and above the rent reserved. In any event, no proof was offered. It is apparent, therefore, that the verdict directed is grossly excessive and is the result of the adoption of an improper rule.

Several other points are raised as to the refusal of the court to receive evidence to show that the plaintiff was in fact the agent for the defendant in the execution of this lease. Having decided that the verdict should be set aside, it is unnecessary to enter into a further discussion of the other questions.

The judgment should be reversed on the law and the complaint dismissed, with costs.

All concur.

Judgment reversed on the law and complaint dismissed, with costs.