GERTRUDE B. EASLEY, Tenant at the Murray Hill Hotel, and All Other Persons Similarly Situated, Plaintiffs, *v.* MURRAY HILL OPERATING CO., INC., et al., Defendants.

Supreme Court, Special Term, New York County, June 4, 1946.

*Gustave A. Gerber* for plaintiffs.

*Maass & Davidson* for Murray Hill Operating Co., Inc., defendant.

*Berg & Berk* for Grand Union Hotel Management Corp., defendant.

Eder, J. Motion for injunction is denied. It is axiomatic that one who seeks an injunction must show that he is possessed of some legal right, which is threatened, or has been, or is about to be, destroyed or invaded, and that he has a maintainable cause of action in that regard which requires the intervention and protection of a court of equity to make the right enforcible and effective.

The defendant Murray Hill Operating Co., Inc., is the owner in fee of premises Nos. 110–112 Park Avenue, Manhattan, known as the Murray Hill Hotel; it acquired the fee title thereto on April 30, 1943, at which time these premises were subject to a lease made by the owner's grantor in 1941 to the defendant Grand Union Management Corp., which lease expired by its terms on February 28, 1946. It appears that the defendant-owner has never operated the Murray Hill Hotel or any other hotel, or acted as agent for Grand Union. The lease under which Grand Union operated the hotel was extended to May 15, 1946, so as to afford guests an opportunity to find other accommodations; the lease was further extended for one week and thus expired on May 22, 1946, the date on which this motion for an injunction was returnable.

The defendant-owner intends to demolish the structure and to erect on the site thereof a modern office building. In January, 1946, it advised the Office of Price Administration of its intention and purpose, although this course was unnecessary. A conference followed and it was agreed that the owner should endeavor to work out some arrangement with Grand Union so that the hotel might be operated until May 15, 1946, and that notice of the proposed closing of the hotel would be given to the occupants thereof as soon after February 1, 1946, as pos-

sible. Thereafter arrangements were made by the owner with Grand Union extending the term of Grand Union's lease, which, as stated, was further extended to May 22, 1946, at which time it expired and came to an end.

As a result of the discussion aforesaid, the Office of Price Administration on March 15, 1946, issued a certificate of eviction authorizing the owner to pursue its remedies for the eviction of the occupants of the hotel on and after May 15, 1946.

It appears that on October 11, 1944, the owner filed plans for the erection of an office building on the site of the hotel; that after the plans were filed the zoning laws affecting these premises were changed and such plans, on December 19, 1944, were disapproved for reasons, among others, that the proposed building did not comply with the changed zoning laws.

The validity of the changes in the zoning laws was successfully challenged in *431 Fifth Ave. Corp.* v. *City of New York* (270 App. Div. 241) and appeal is now pending in the Court of Appeals It would seem, therefore, that the objections to the plans filed by the defendant-owner, that they did not conform to the changed zoning laws are not valid objections.

But whether or not the decision be upheld in the Court of Appeals, seems to me to be immaterial here, for the reason that an owner has an absolute right to withdraw his property from the market and recover possession thereof; he is not required to maintain and offer the property for housing accommodations for rent, if he seeks in good faith to withhold housing accommodations. As declared in subdivision (d) of section 4 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 904, subd. [d]), he may " occupy the property himself, or devote it to some commercial enterprise, or utilize it in any other way." (*Wilson* v. *Brown*, 137 F. 2d 348, 352; see, also, *Taylor* v. *Bowles*, 145 F. 2d 833, 834.)

The plaintiff brings this action in her own behalf as a " tenant " at the Murray Hill Hotel, and in behalf of all other persons similarly situated; some twenty-four others have made affidavits, and joined with plaintiff, alleging they are " permanent tenants."

The plaintiff and her joiners contend that they are " tenants " and not merely " guests," that the Murray Hill Hotel is not in the true sense a hostelry, for if it be such, in fact, it is clear that the relationship of the plaintiff and her associates is that of innkeeper and guests and that there is no relationship of landlord and tenant. In taking this position the plaintiff and

the affiant-interveners proceed upon the premise that the Murray Hill Hotel is in fact a dwelling. It appears, however, that it is not an apartment hotel, but has always been known as a " hotel " in the truest sense and the manner of its conduct and operation shows it to be such. I think it is a matter of common knowledge, or almost so, that it is one of the oldest hostelries in New York.

In order for the plaintiff to be entitled to continue in possession she must occupy the status of a tenant and if that be her status she would come within the Emergency Price Control Act and the regulations promulgated thereunder, for the protective provisions of subdivision (a) of section 6 of the Office of Price Administration Rent Regulation for Hotels and Rooming Houses in the New York City Defense-Rental Area (8 Federal Register 13910, 13913) provide that so long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed or evicted therefrom. However, said regulation also provides that it shall not apply to a case where the landlord seeks in good faith not to offer the room for rent (subd. 5); and paragraph (4) of subdivision (b) of section 1 of the Regulation expressly excepts from the scope of the regulation entire structures used as hotels or rooming houses.

No relation of landlord and tenant is shown to exist between Grand Union and the plaintiff and her affiant-interveners; the relationship is that of innkeeper and guest, and unless there is a landlord and tenant relationship between the *owner* and the *guest* in the hotel, the guest is expressly excluded from the protection of section 6, as shown by the unmistakable language of paragraph (1) of subdivision (d) of section 6, entitled " *Exceptions from section 6.*"

As between the defendant-owner Murray Hill Operating Co., Inc., and defendant Grand Union Hotel Management Corp., the relationship was that of landlord and tenant. Assuming, *arguendo,* that plaintiff and the others were tenants, they were tenants of Grand Union, but only subtenants of Murray Hill Operating Co., Inc. — that would be their legal status — and as such they acquired no legal right to continued possession or occupancy after the expiration of such tenancy under the mentioned regulation, for paragraph (1) of subdivision (d) of section 6 provides: " (d) *Exceptions from section 6.* The provisions of this section do not apply to: (1) *Subtenants.* A subtenant or other person who occupied under a rental agreement with the tenant where removal or eviction of the subtenant or other such occupant is sought by the landlord of the tenant,

unless under the local law there is a tenancy relationship between the landlord and the subtenant or other such occupant.''

No such relationship is shown to exist here, factual or legal, under the local law.

The plaintiff seeks to enjoin the closing of the hotel or the removal of the plaintiff and her joiners, save and except by summary proceedings to be instituted in the Municipal Court.

The owner is not required to do so; even if a landlord and tenant relationship exists, a landlord is not compelled to resort to this remedy but may invoke it, if he so elects but it is not exclusive, and if he can secure possession peaceably, he may do so. It does not lie with the plaintiff to dictate the method or the procedure to be employed, nor may the court direct it, nor by mandatory injunction compel it, as is here sought.

The plaintiff has no legal right to continued possession or occupancy and hence no sustainable cause of action, and where there is no such cause of action there is no right to a provisional remedy.

There being no cross motion to dismiss the complaint only the motion for an injunction is considered, and the motion is denied.