GASOFF REALTY CORP., Appellant, v. NATHAN BERGER, Respondent.

Supreme Court, Appellate Term, First Department, January 23, 1947.

*Irving Schneider* and *Jacob W. Friedman* for appellant.

*Abraham J. Yasgour* for respondent.

EDER, J.  The action is to recover rent for premises occupied by defendant for the month of September, 1946.  The plaintiff took title to the premises 3865-3871 Broadway, Manhattan, on or about August 1, 1944.  There was an outstanding lease in force, dated March 14, 1941, between a prior landlord, Arnger, Inc., and Serval Fruit Exchange, Inc. (tenant), which was for a term of five years, commencing September 1, 1941, and expiring August 31, 1946.  At the time of acquiring title to the premises, plaintiff acquired all the right, title and interest in and to the afore-mentioned lease.

Serval Fruit Exchange, Inc., as tenant named in said lease, sublet the space leased to it to various subtenants, one of them being the defendant in this action.  Serval did not occupy any of the space and does not occupy any of the space let by Arnger, Inc., to it, but the said entire space so demised to Serval was sublet and occupied by the subtenants other than the lessee (Serval) and Serval collected rents from said subtenants during the term of said lease.

The above facts are alleged in the complaint, and it is further averred therein that the defendant herein paid to Serval for the space occupied by him, covered by the terms of the lease, the sum of $90 per month, prior to the enactment of the Business Rent Law, said rent being payable in advance on the first of each and every month; that by virtue of the Business Rent Law now in force, plaintiff notified defendant that after the expiration of the term of his lessor, the plaintiff, as owner, would continue the defendant as a statutory monthly tenant from September 1, 1946, on the basis of the rental theretofore paid by the defendant to Serval, together with the additional 15% allowed by the Business Rent Law, making a total rental of $103.50; that on or about September 3, 1946, plaintiff demanded of and from defendant the sum of $103.50 for rent for the month of September, 1946, but defendant failed and refused to pay the same, and judgment for said sum is demanded, with interest and costs.

The answer contains some denials and sets up two separate defenses, viz., (1) that there is no relationship of landlord and tenant and no privity of contract between the defendant and the plaintiff herein; that the plaintiff is not entitled to the rent from said space occupied by the defendant to the exclusion of Serval, the lessee, who is the defendant's landlord herein; (2) that the occupancy of the premises by this defendant and the other subtenants is occupancy and possession by the tenant

Serval; that said tenancy, occupancy and possession of this defendant and the other subtenants and the tenant (Serval) are protected by the Business Rent Law for business space (L. 1945, ch. 314); that this action by plaintiff is in contravention of the provisions of said law.

Judgment was rendered in favor of defendant. The basis thereof appears to be the view of the Trial Court that despite the fact that Serval's lease had expired, it nevertheless had the right to continue in possession, as a statutory tenant so long as it continued to pay the rent to which the landlord was entitled under the provisions of the emergency Business Rent Law (L. 1945, ch. 314, § 8); that in consequence Serval's right to possession had not ended and plaintiff has no right of action against the defendant.

The single point made by the plaintiff on this appeal is stated as follows: " The question presented. Where a tenant of business space had subleased all of it to various subtenants, occupying none of it himself, and his own lease expires, is he nevertheless entitled to continue as a tenant by virtue of the Emergency Rent Laws? "

It seems to me that as this action is brought to recover rent not from the tenant under the lease but from a subtenant, that in the determination of this appeal it becomes unnecessary to pass upon the question posed and that it would be ruling upon an academic question to do so.

This is an action for rent. Rent is the return made by the tenant for the land which he occupies. The defendant was not a *tenant* of the plaintiff. " The relation of landlord and tenant is always created by contract, express or implied, and will not be implied where the acts and conduct of the parties negative its existence." (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267, 269.)

The defendant never recognized the plaintiff as landlord and never promised to pay rent; and mere occupancy, and nothing more, is not sufficient to imply tenancy (*Stern* case, *supra*; *Thackray* v. *Ritz*, 130 Misc. 403; McAdam on Landlord and Tenant [5th ed.], p. 60).

The plaintiff appears to recognize the force of the above-stated principles but seeks to maintain his claim of right to recover rent and to uphold the landlord and tenant relationship upon the theory that the defendant became its tenant by virtue of the afore-mentioned statute, i.e., that he became a statutory tenant. But the conventional relationship of landlord and

tenant is one that results from agreement of the parties and not by operation of law (*Stern* case, *supra*; *DeVita* v. *Pianisani*, 127 Misc. 611).

Thus, assuming that Serval's lease had expired and that its right to continue in possession under the emergency statute was not an issue or feature, and that defendant (subtenant) continued thereafter in possession, that circumstance would not create him the tenant of the plaintiff or create the conventional relation of landlord and tenant (cases, *supra*). A statutory tenant is one in possession perforce the statute and not by virtue of any conventional relation and his statutory rights become the measure of his term and of his liability (*Stern* case, 238 N. Y. 267, 270, *supra*).

But I view the plaintiff's contention that the defendant became a statutory tenant and amenable to pay rent to the plaintiff as untenable.

We had occasion to consider the status of a subtenant and undertenant in *Valeray Real Estate Co.* v. *Spector Motor Service, Inc.* (N. Y. L. J., July 10, 1945, p. 54, col. 3, affd. *sub nom. Valeray Real Estate Co.* v. *National Transportation Co.,* 270 App. Div. 805). The question there presented was whether a subtenant and undertenant came within the term " tenant " in section 2 of chapter 3 of the Laws of 1945 (as amd. by L. 1945, ch. 315, the Commercial Rent Law).

In that case the subtenant and undertenant contended that they came within the definition of " tenant " and hence could not be evicted so long as they continued to pay the rent to which the landlord was entitled under the statute, even though the lease with the tenant (National Transportation Co.) had expired.

We were of the view that a subtenant and undertenant did not come within the definition of " tenant " and that the statute was inapplicable as to them. We accordingly affirmed a final order in favor of the landlord.

While no opinion was written in that case, our record discloses our reasons and conclusions for affirming the final order.

The defendant, subtenant of Serval, stands in the same position as the subtenant and undertenant in the *Valeray* case (*supra*). He is not a statutory tenant and the plaintiff's contention that he became its tenant by virtue of the statute and is therefore liable to it for rent cannot be sustained.

The general rule is that the relationship of a subtenant and undertenant is essentially personal in character and is with their immediate lessor; there is no privity between the superior landlord and a subtenant or undertenant.

Since the defendant was not and is not a statutory tenant of the plaintiff, and, indeed, is not a tenant of plaintiff at all, the plaintiff's cause of action, which proceeds upon the theory that he was its tenant and hence is liable to it for rent, cannot be sustained.

It is, therefore, immaterial whether or not Serval is entitled to remain in possession under the statute, and it is unnecessary to determine that question in order to dispose of this appeal. It is my view that, for the reasons stated, plaintiff has no maintainable cause of action for rent against the defendant.

The judgment in favor of defendant should accordingly be affirmed, with $25 costs.

HAMMER, J. (dissenting). Action by owner of business space against defendant subtenant to recover the statutory rent of said space occupied by him.

At the time of the purchase of the premises by plaintiff there was an existing lease to the Serval Fruit Exchange, Inc., for a term expiring August 31, 1946. Said lessee did not take actual possession of the premises; it sublet to several subtenants one of whom is the defendant in this action.

The action was brought for rent accruing after the expiration of the lessee's term, and as I read the opinion the dismissal below is sustained by the majority of the court on the ground that defendant is neither a common-law or so-called statutory tenant.

It is not necessary to the maintenance of the action that a tenancy exist here. After the expiration of the *Serval* lease, said lessor having no actual possession, defendant occupies plaintiff's business space. Plaintiff does not by summary proceeding or otherwise demand possession of that space; it merely asks payment for the use and occupation of the premises by defendant — in other words the statutory rent, which during the existing emergency is the measure of recovery.

In *De Camp* v. *Bullard* (159 N. Y. 450, 454) the court says: "If a man's house is vacant with no prospect of a tenant and no intention on his part of occupying it himself, and a trespasser occupies it, he must pay as damages for the trespass the value of the use and occupation, for this would be the duty of a tenant contracting upon a *quantum meruit* for the use, by consent, of that which the trespasser uses without consent." (See *City of New York* v. *Fink*, 130 Misc. 620; Keogh on Landlord and Tenant, p. 342.)

In. *Christatos* v. *United Cigar Stores Co. of America* (144 Misc. 322) this court held that plaintiff was entitled to recover for use and occupation against a subtenant after the cancellation of the lease notwithstanding that the relation of landlord and tenant did not exist between the parties.

The judgment should be reversed, with $20 costs, and judgment directed for plaintiff for the amount of the statutory rent for which defendant is liable, to be fixed in the court below, with interest and costs.

SHIENTAG, J., concurs with EDER, J.; HAMMER, J., dissents in opinion.

Judgment affirmed.