SAMUEL BRAUSE et al., Landlords, Respondents, *v.* ANTONIO PARISI et al., Undertenants, Appellants.

Supreme Court, Appellate Term, First Department, August 2, 1948.

*Alexander V. Cavallari* for Antonio Parisi, appellant.

*Alexander V. Cavallari* and *Samuel R. Rakosi* for Leo Hubsch, appellant.

*Flam & Flam* for respondents.

*Nathan W. Math, William L. Messing, Joseph Jay* and *Alfred Weinstein* for Temporary City Housing Rent Commission, *amicus curiæ.*

HOFSTADTER, J.. The summary proceeding was brought for nonpayment of rent and the prime tenant and the appealing undertenants were made parties. The premises, 221 Second Avenue, a three-story and basement brick building, were bought by the present owners, the landlords in this proceeding, on May 21, 1947, subject to a lease between a former owner and New Venice Restaurant, Inc. By this lease the entire building was leased for the term beginning on August 1, 1942, and ending July 31, 1947. The tenant occupied the first floor and basement for the conduct of its restaurant business and sublet the two upper floors. On May 23, 1947, the present owners notified the New Venice Restaurant, Inc., that the lease would not be renewed on its expiration, and that if it remained in possession it would become a statutory tenant at the emergency rent of $345 a month. New Venice Restaurant, Inc., did continue in possession. On its failure to pay the April, 1948, rent the present summary proceeding was begun, in which it defaulted. Thereupon the landlords were given the right to an immediate final order and warrant against the main tenant. The proceeding was defended by the two appealing subtenants.

The landlords did not obtain a certificate of eviction from the temporary city housing rent commission pursuant to Local Law No. 66 of 1947 of the City of New York. As will appear later, they take the position that this law is inapplicable to the present situation.

Each of the appellants occupies one of the two upper floors with his family as a residence, and has been in such occupancy for the past twelve years. They have paid their rent monthly to the tenant, not to the owners, and there has never been between the owners and them the relation of landlord and tenant. They have tendered the rent which they have been paying for their respective apartments, but the landlords insist that they are entitled to the rental of the entire building or to possession, despite the use of the upper floors as housing accommodations. The case thus poses the question whether the subtenants are protected by the emergency rent legislation after the termination of the main lease for nonpayment of rent.

It may be admitted at the outset that, but for the emergency legislation, on the termination of the main lease the subtenants

would have no right to continued possession as against an unwilling owner. Normally, there is no privity, either of contract or of estate, between an owner and a subtenant who has not attorned to the owner (*Gasoff Realty Corp.* v. *Berger,* 188 Misc. 622).

The applicability of the emergency legislation to a situation such as the present is, however, not to be determined by the strict concepts of landlord and tenant law. The very definition of landlord and tenant in the legislation expresses the legislative purpose not so narrowly to confine its scope. A tenant is defined as a " tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any apartment * * *." (Local Laws, 1947, No. 66 of City of New York.)

The cases recognize that effectuation of the policy of the emergency legislation demands, at times, extending its benefit to situations in which the conventional relation of landlord and tenant does not exist. Thus, in *Da Costa* v. *Hamilton Republican Club* (187 Misc. 865) the court denied to the purchaser at a foreclosure sale a writ of assistance by which he sought to evict the former owner of the property. Of course, there was, in no sense, a landlord and tenant relation between the purchaser and the owner. Yet, the court held the latter a person entitled to the possession or use of the property and, therefore, a tenant within the definition of the commercial laws and as such entitled to remain in possession. The same result was reached in similar situations. (*Pfalzgraf* v. *Voso,* 184 Misc. 575; *Edison Sav. & Loan Assn.* v. *Stamberger,* 184 Misc. 52; *Home Savings Bank of City of Albany* v. *Hunter,* 180 Misc. 1; *Presprop Corp.* v. *Riveredge Holding Corp.,* 73 N. Y. S. 2d 808; *East River Sav. Bank* v. *Flame Realty Corp.,* 67 N. Y. S. 2d 440).

*Kaplan* v. *Manufacturers Trust Co.* (186 Misc. 784) presents an analogous situation affecting commercial space. In an action for a declaratory judgment it was held that, though the tenant who had sublet his entire space to three separate subtenants and who had surrendered his lease on its expiration, had thereby relieved himself of liability as a holdover, despite the continued possession of the subtenants, the latter were nevertheless entitled to remain in possession as statutory tenants by virtue of the State emergency legislation.

In *112 East 36th St. Holding Corp.* v. *Daffos* (273 App. Div. 447) the Appellate Division in this department held that the

main tenant of an entire building in which this tenant furnished and then sublet apartments to various subtenants was protected in her possession by the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) despite the expiration of her lease. The premises were held to be " controlled housing accommodations."

We have not overlooked *Valeray Real Estate Co.* v. *National Transp. Co.* (270 App. Div. 805) and *Irving Trust Co.* v. *One Thirty One W. Forty-Second St. Corp.* (71 N. Y. S. 2d 838, affd. 272 App. Div. 999) which held a subtenant not entitled to invoke the emergency rent laws after the main tenant has lost his rights under his lease. These cases, however, involved business or commercial, not housing, space. I consider this a sufficiently basic distinction to justify a different result.

It seems to me that in deciding the case we must give paramount consideration to the critical housing shortage rather than to the nice refinements of the landlord and tenant relation. If so, our conclusion must necessarily be that these subtenants are to be protected in the continued possession of their homes.

The landlords argue that their objective is to collect rent rather than to secure possession, and that all these subtenants need do is to pay the rent of the entire building. The speciousness of such reasoning is obvious and requires no comment.

Since the landlords failed to obtain an eviction certificate from the temporary city housing rent commission in compliance with Local Law No. 66 of 1947, their petition should have been dismissed.

The final order, so far as appealed from, should be reversed, with $30 costs, and petition insofar as it affects the appellants dismissed, with costs, without prejudice.

EDER, J. (dissenting). I dissent. I am impelled to the conclusion that the final order in favor of the landlords should be affirmed.

The prime tenant, New Venice Restaurant, Inc., was the tenant of the entire demised premises, a three-story brick building and basement, a single and indivisible demise; the rental was $345 per month. The proceeding was a nonpayment one, for the unpaid April, 1948, rent. The main tenant defaulted and the landlords were entitled to a final order awarding possession to them. The appellants each occupied an apartment as dwelling space, as a subtenant of the principal tenant. No relationship of landlord and tenant existed between the landlords and the subtenants-appellants herein.

Though not indispensable parties to the proceeding the appellants were cited so as to bind them by the final order (*Atterbury* v. *Edwa*, 61 Misc. 234; *Irving Trust Co.* v. *One Thirty One W. Forty-Second St. Corp.*, 71 N. Y. S. 2d 838, affd. 272 App. Div. 999).

The appellants' basic claim is that they come within the protective provisions of the Federal Housing and Rent Acts of 1947 and 1948 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) and may continue in possession so long as they pay the rent to which the landlords are entitled (Housing and Rent Act 1947, § 209, subd. [a], par. [1]).

The rent to which the landlords are entitled is the sum of $345; appellants may continue in possession if they pay this sum. Their contention is, as I understand it, that they are only required to pay the rent for their respective apartments, $50 and $40 per month, and not the rent for the whole demised premises.

I am unable to concur in this view.

Firstly, this court has held that a subtenant and undertenant have no status or protection under the emergency commercial and business space laws (*Valeray Real Estate Co.* v. *Spector Motor Service*, N. Y. L. J., July 10, 1945, p. 54, col. 3, affd. *sub nom. Valeray Real Estate Co.* v. *National Transp. Co.*, 270 App. Div. 805; and *Gasoff Realty Corp.* v. *Berger*, 188 Misc. 622).

In *Tighe* v. *Sinclair Refining Co.* (274 App. Div. 22) a distinction has been drawn to include as coming within the protective provisions of the emergency rent laws one who is a subtenant or undertenant of the *whole* demised premises; the court stated that it did not pass upon the status of one who is a subtenant or undertenant of only a *portion* of the premises. It held that such ruling was not in conflict with the *Valeray* case (*supra*) as in that case the undertenant of a part of the premises took the position that it could remain in possession of its portion of the building without taking a lease of the whole premises.

In affirming the determination of this court the fair inference appears to be that a subtenant or undertenant of a portion of the demised premises, and not of the whole premises, has no status or protection under the emergency rent laws.

Until the Appellate Division holds directly otherwise, I feel that we must take the position that where the subtenancy is only of a portion of the premises where the premises were demised to the main tenant in their entirety, such portional subtenant or undertenant is without status or protection under

the emergency rent laws, and, by parity of reasoning, such must be our position with respect to a subtenant of a portion of premises used for dwelling purposes in our construction of the Federal Housing and Rent Acts of 1947 and 1948.

In the instant case the appellants are subtenants or undertenants of only a portion of the entire premises which were demised to the principal tenant and hence must be held to have no status or protection under the mentioned Federal housing acts.

Secondly, I find no provision in the mentioned Federal enactments conferring any status or rights or protection on subtenants or undertenants with respect to space used for housing accommodations. They possessed none under the Federal 1947 housing act (*Easley* v. *Murray Hill Operating Co.*, 187 Misc. 100, affd. 271 App. Div. 967, motion for leave to appeal denied 271 App. Div. 1010), and the 1948 act made no provision to include them. But, in view of the ruling in the *Tighe* case (*supra*), at most, as I see it, such a status and protection can only be conferred, in construing the Federal housing acts, where the subtenancy of dwelling space includes the *whole* of the demised premises and would not be applicable to a case like that at bar, where the subtenancy comprised only a *portion* of the premises.

Therefore, I am led to the conclusion that unless the appellants, as subtenants or undertenants pay to the landlords the sum $345, the amount due as rent from the principal tenant, they may not continue in possession.

One other feature requires comment. This being a nonpayment proceeding, a certificate of eviction is not required (Temporary City Housing Rent Commission Regulation II for Apartments and Housing Accommodations, art. II, § 1).

I, therefore, vote to affirm.

HOFSTADTER, J., votes for reversal in opinion; HAMMER, J., concurs in result; EDER, J., dissents in opinion.

Order reversed, etc.