NOVEMBER REALTY CORP., Landlord, Respondent, *v.* FLORENCE McComb, Tenant, and ROSEMARY BULL, Undertenant, Appellant.

Supreme Court, Appellate Term, First Department, July 13, 1951.

*David Hartfield, Jr., Burton T. Ryan* and *Daniel J. Riesner* for appellant.

*Max Steinberg* for respondent.

HAMMER, J. On or about April 4, 1951, a marshal came to appellant's furnished apartment with a warrant issued in this summary proceeding, to which appellant was not a party, without any notice to her, and proceeded against her protest to remove the furniture.

It would seem that the furniture has not been completely removed.

Leave to appeal from the order denying intervention has been granted by this court.

The final order in this proceeding was granted on the consent of the alleged tenant, Mrs. McComb.

This is the opening statement in the landlord's brief under the heading of " FACTS ": " Tenant, FLORENCE MCCOMB on August 20th, 1946 made a lease with the 905 Fifth Avenue Corporation, landlord's predecessor in title for the period commencing September 25th, 1946 and expiring September 24th, 1947. This was for an unfurnished apartment. Simultaneously, FLORENCE MCCOMB with the permission of the then landlord, made a lease for the same apartment, furnished, to ROSEMARY BULL, at a higher rent. The landlord retained the maximum rent and remitted the difference to FLORENCE MCCOMB."

Upon the above facts Mrs. Bull was not a mere undertenant; she was the tenant of the apartment and has continued in

possession as such tenant, paying the rent for the unfurnished apartment plus Mrs. McComb's charge for the use of the furniture, to the landlord — $500 a month — ever since; and Mrs. McComb could not by her so-called consent as tenant authorize the maintenance of this summary proceeding by the landlord.

Incidentally it may be mentioned that under subdivision 2 of section 56 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission a landlord may not under a final order remove the tenant and his furniture unless he supplies the roomer with appropriate furniture to take its place.

Clearly entry by the landlord and removal of the furniture was unlawful.

The order denying intervention should be reversed, motion granted, and final order vacated.

EDER, J. (dissenting). The appellant, an undertenant of one Florence McComb, the prime tenant, appeals by permission of this court (N. Y. L. J., May 29, 1951, p. 1989, col. 7) from an order which denied her motion for leave to intervene in a summary proceeding instituted by virtue of a certificate of eviction granted by the Temporary State Housing Rent Commission, effective only as against the prime tenant, one Florence McComb, but not for the removal of the occupant, the appellant herein.

This is a peculiar case. The summary proceeding in no way affected or affects the physical possession of the apartment sublet to and occupied by the appellant. She was not named as a party in that proceeding and could not be, as no certificate of eviction was issued as to her. The final order and warrant ran only against the prime tenant, Florence McComb.

Indeed, the appellant states: *" Appellant Bull was not made a party to this proceeding."*

And on page 6 of the brief it is stated that " as *a matter of law* the final order in this case is ineffective against Mrs. Bull."

That is correct. Therefore, there is no reason or justification to grant leave to intervene. No final order or warrant to dispossess has been granted or issued against the appellant. A final order and warrant have been granted and issued only against the prime tenant, said McComb. The appellant's physical *possession of* the demised *realty* has not been interfered with, nor does she claim it has been.

What she does say is that she subrented the apartment from said prime tenant, McComb, furnished, and that the landlord, through the city marshal, has put out certain furniture, *personal* property belonging to McComb.

If that is so, appellant's proper remedy is to obtain an *injunction* enjoining and restraining the landlord and the city marshal from removing the *personal* effects of said McComb. That is the only remedy. The Municipal Court has no power to stay the marshal or landlord from removing *personal* property of the prime tenant against whom the final order was made and as against whom the warrant of eviction issued.

Assume intervention was granted, and that this can be done after a final order was awarded and a warrant issued, which I doubt can be done, after a cause has been terminated. What issue is there to be tried? What is the court to determine?

There can be no trial or determination as to the appellant since her physical possession of the demised realty is not assailed or her right to possession. She either has the right to stay there or she has not the right. If she has the right to remain in possession of the realty demised, there might be some degree of merit to her seeking to intervene, viz., to litigate her right to continue in possession. But here there is no such issue; the landlord does not seek to evict her or to remove her at all. What, then, is the court below to decide? Obviously, nothing as to the demised space. Under the appellant's claim, her only complaint is, not that her possession and occupancy of the *realty,* the apartment, is an issue; not that the landlord seeks to evict her therefrom; her complaint is that the landlord has removed and seeks to remove some *personal* property of the prime tenant, McComb.

The court below has no power or jurisdiction to restrain the landlord from removing the *personal* effects of McComb, her *personal* property, even if the landlord had no legal right to remove them. Such a complaint must be addressed to the Supreme Court and relief sought by injunction in an action brought in that forum for such redress.

Nothing can be accomplished in that connection in the court below if intervention was permitted, and the court below, in the situation disclosed, properly denied the motion for leave to intervene, and, in my opinion, to grant the motion would have been an improper exercise of discretion and contrary to law.

This court should not, in the described situation, even if the cause had not already terminated when the motion was made, authorize intervention which would be futile, would present no issue and could *accomplish* nothing.

Plainly, the appellant has pursued and is pursuing the wrong remedy and practice. Here the remedy and procedure are simple and direct. The appropriate and correct remedy is

*injunction,* and not leave to intervene in a terminated cause. Interference with the *personal* property, if unlawful, is a typical subject for injunctive relief.

As further evidencing that there is no merit in the appeal, reference is made to the case of *Fults* v. *Munro* (202 N. Y. 34, 43) indicating that the appellant here is in no way affected by the final order or warrant, since she was not made a party to the summary proceeding, and where the court says: "The warrant commanded him ' to remove all persons from the said property and to put the said petitioner into full possession thereof.' It followed the language of the statute, which, however, does not mean literally all persons, but only those in actual possession *who are made parties to the proceeding* ". (Italics supplied.)

There is no merit whatever to this appeal. I accordingly recommend affirmance of the order appealed from, without opinion.

HOFSTADTER, J., concurs with HAMMER, J.; EDER, J., dissents in opinion.

Order reversed, etc.