NOVEMBER REALTY CORP., Appellant, *v.* FLORENCE McCOMB, Tenant, and ROSEMARY BULL, Respondent.

*Per Curiam.* The landlord appeals from a determination of the Appellate Term vacating a final order in summary proceedings and allowing intervention on application of an undertenant, who had not been made a party.

The landlord sought to recover possession of a fourteen-room apartment occupied under a statutory tenancy and used exclusively by the undertenant as her residence. The furniture, without which the apartment would be uninhabitable, was rented from the prime tenant under the terms of the sublease. The landlord had obtained a certificate of eviction and instituted the dispossess proceedings against the prime tenant alone. The final order was granted on consent of the latter and a warrant issued, pursuant to which a city marshal proceeded to remove the furniture from the apartment over the protest of the undertenant.

The sublease governing the occupancy of the undertenant provided for a fixed rental of the apartment as furnished accommodations. The arrangement had been for the landlord to collect the monthly rent from the undertenant and remit the balance to the main tenant after deducting the rent due from the latter. It is clear, therefore, that the landlord had full knowledge of the situation. This awareness is also evidenced by the further fact that it commenced other proceedings before the rent administrator to obtain a certificate of eviction against the undertenant for the purpose of altering and subdividing the apartment.

In the light of all the circumstances, we think that it was improper for the landlord to bring the summary proceedings against the prime tenant alone and to execute the warrant by removing all the furniture used by the undertenant so as to render the apartment unsuitable for her use and occupancy.

It should be remembered that the impact of the emergency rent legislation has been felt not only in the substantive law of landlord and tenant, but also in matters of procedure involving the termination of that relationship. While a landlord need not ordinarily join an undertenant as a party to a summary proceeding against the main tenant, we think that the circumstances of the present case were such as to make the undertenant a necessary party to the proceedings. Otherwise, the landlord and the tenant would be in a position between them to affect materially the statutory rights of the undertenant without her knowledge. In fact, this very thing seems to have happened in the case before us.

We do not concur in the suggestion of the Appellate Term that Rosemary Bull held the status of tenant, or that subdivision 2 of section 56 of the State Rent and Eviction Regulations had any application to these proceedings.

For the reasons aforesaid, the determination of the Appellate Term should be affirmed in all respects, with costs to the respondent.

Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ., concur.

Determination unanimously affirmed, with costs to respondent. [200 Misc. 433.] [See *post*, p. 790.]