John F. Scileppi, J.
In an action for a permanent injunction to restrain the defendants, their agents, servants, employees *224 and "the City Marshal or any other person, firm or corporation acting on their behalf, from moving or causing to be removed any property of the plaintiffs located on certain premises or in;! any way interfering with the present “ tenancies of the plaintiffs ” in said premises, the plaintiffs move for a temporary injunction for essentially the same relief.
The plaintiffs are allegedly subtenants of City Screen Print Corporation (hereinafter referred to as City Screen) which was the main tenant of the original owner of the premises involved herein, Edward N. Kahn Corporation, under a lease dated June 15, 1955, and a supplemental lease dated April 24, 1959, for a period which was to terminate on June 30,1960. The demised premises were to be used for commercial and manufacturing purposes. Through a series of transactions the premises were conveyed by the original landlord to the present defendants. These defendants, in summary proceedings brought against City Screen, succeeded in obtaining an order entitling them to take possession of the premises involved herein in order to demolish them. The plaintiffs, who were allegedly subtenants, were not parties to those summary proceedings.
In support of the instant motion the plaintiffs argue that an attempt to evict them by the City Marshal, pursuant to an order issued in the above-mentioned summary proceedings, should be enjoined since they were not parties to such proceedings and, therefore, the warrant of eviction issued therein could not affect their right to possession of the premises. They further contend that they have no adequate remedy at law since any interference with their possession of the premises or the removal of their property from such premises would irreparably damage them, in that their business would be disrupted and their equipment and machinery on the premises would be severely damaged by removal.
The defendants, in opposition, argue that City Screen was a tenant of the original landlord, Edward N. Kahn Corporation, pursuant to certain written leases; that thereafter through a series of transactions the defendants acquired title to the premises. Subsequent to such acquisition, the defendants argue, City Screen commenced a declaratory judgment action against Edward 1SF. Kahn Corporation (the original owner of the premises), Aguilar Corporation (the intermediate owner of the premises) and themselves, to declare the transfer of title by the defendants’ predecessors was not bona fide and did not terminate the option of City Screen, embodied in their written lease with the original owner, to purchase the premises or to renew the lease for a further period commencing July 1, 1960, *225 and ending June 30, 1965. This declaratory judgment action, contend the defendants, resulted in a judgment declaring the sale bona fide and terminating City Screen’s option to purchase the premises or renew the lease.
The defendants further contend that the summary proceedings commenced against City Screen pursuant to the Emergency Commercial Space Bent Control Law, in order to regain possession of the premises to demolish them, resulted in a stipulation entered on the record which, in substance, provided that the landlords, the defendants herein, were entitled to a final order in their favor and the issuance of warrants to remove the tenant, City Screen Print Corporation; that the execution of such warrants was to be stayed up to and including December 31, 1961; that from January 1, 1962, or anytime thereafter, the landlords were entitled to evict the tenant under the terms of the final order in the summary proceedings; that on January 6, 1962, the City Marshal notified the occupants of the premises to remove on or before January 9, 1962.
The defendants contend that the president and sole stockholder of City Screen (the original tenant) and Turf Screen Printers, Inc. (one of the subtenants and a plaintiff in the instant action) and the single and sole proprietor of Glendale Textile Processors (another of the subtenants and a plaintiff in this action) is one William V. Kay who is also a plaintiff in this action, and that in connection with the prior litigation con-concerning the premises William V. Kay, under oath, indicated that City Screen was the tenant in possession. Therefore, the defendants argue, the alleged subtenants, Turf Screen Printers, Inc., and Glendale Textile Processors, and the main tenant, City Screen, are in fact William V. Kay, and that he should not be permitted to invoke the separate entity concept in connection with the corporations involved to deprive the defendants of their right to evict the occupants of the premises.
Finally, the defendants argue, if the plaintiffs were entities separate and apart from City Screen they could have asserted any property rights they had in the premises long before the commencement of the instant action and the present application for a temporary injunction.
A reading of the record herein would indicate that the Emergency Commercial Space Bent Control Law (L. 1945, ch. 3, as amd.) is applicable. The impact of the afore-mentioned law on this case is that the landlords must resort to a summary proceeding in order to gain possession of the premises occupied by a tenant or a subtenant and may regain possession only on the grounds outlined in the Emergency Commerical Space Bent *226 Control Law (cf. Stock v. Fredamil Realty Corp., 177 Misc. 897). While, ordinarily, a subtenant’s estate is ended if the main tenant’s estate is terminated (New York Rys. Corp. v. Savoy Associates, 239 App. Div. 504; Ungar v. Schwartz, 30 Misc 2d 152), when a landlord proceeds by way of a summary proceeding, as in this case he must, to evict a tenant and fails to join the subtenant in such proceeding, the landlord may not affect the subtenant’s right to possession on the warrant of eviction issued therein. If the subtenant is evicted under such a warrant such action amounts to a trespass and the landlord would be liable in damages. The rationale for this result is that the subtenant should be afforded an opportunity to be heard and offer any defense available in a summary proceeding before his right to possession is affected (Fults v. Munro, 202 N. Y. 34; Croft v. King, 8 Daly 265; Cohen v. 515 Broadway Realty Corp., 150 Misc. 288). The landlord may, however, institute another summary proceeding joining the subtenant in order to obtain a warrant to evict such subtenant (Christatos v. United Cigar Stores Co., 144 Misc. 322).
The court is of the opinion that the plaintiffs in the case at bar are not entitled to the broad injunctive relief which would restrain the defendants from in any way interfering with the “ present tenancies ” of the plaintiffs since it is apparent that the defendants are entitled to commence summary proceedings to evict the subtenants, the plaintiffs herein, in order to regain possession of the premises to demolish them. (Emergency Commercial Space Bent Control Law, § 8; see, also, Easley v. Murray Hill Operating Co., 187 Misc. 100, affd. 271 App. Div. 967.)
If the court were to consider the request for an injunction as one merely to restrain the City Marshal from evicting the plaintiffs, pursuant to the warrant issued in the summary proceedings brought against City Screen, the court is of the opinion that the plaintiffs would likewise not be entitled to such relief inasmuch as they have a complete remedy at law (see Pawley v. G. H. G. Bldg. Corp., 9 A D 2d 890; Sherwood v. Fincke Co., 196 App. Div. 97). The plaintiffs may intervene in the summary proceedings brought against City Screen even though those proceedings have terminated in a final order, and thus protect whatever interests they may have in the premises involved (November Realty Corp. v. McComb, 200 Misc. 433, affd. 279 App. Div. 735). In any event, even if the plaintiffs are evicted by the City Marshal under the afore-mentioned warrant of eviction, they could proceed against the defendants in an action based on trespass inasmuch as any damages resulting from such *227 trespass would be fully compensable by a money judgment (see Fults v. Munro, supra; Croft v. King, supra).
Accordingly, the motion for a temporary injunction is denied. It is clear from the reasons stated herein that the plaintiffs would likewise not be entitled to the permanent injunction sought. Under these circumstances the complaint is dismissed (see Leonard v. John Hancock Mut. Life Ins. Co., 118 N. Y. S. 2d 170, affd. 281 App. Div. 859). In view of this disposition the court will not consider the arguments set forth by the defendants.