Vincent **ANDERSON** and Christine Anderson, Plaintiffs-Appellees,

v.

Jack **DeCRISTOFALO** et al., Defendants-Appellants,

Thelma Black, Defendant,

Patrick Murphy et al., Defendants.

Nos. 310, 644, Dockets 73–1417, 73–1049.

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 1974.

Decided March 13, 1974.

Martin H. Selman, New York City (Adrian P. Burke, Norman Redlich, Corp. Counsel of City of New York, and Stanley Buchsbaum, New York City, on the brief), for defendants-appellants.

Allen R. Bentley, Brooklyn, N. Y. (John C. Gray, Jr., Douglas J. Kramer, Brooklyn Legal Services Corp. B, Brooklyn, N. Y., Richard Kay, Bart Stachman, and Jack Duksin, Student Assts., on the brief), for plaintiffs-appellees.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

■ Sometime prior to March 30, 1971, Vincent and Christine Anderson, subtenants and also distant relatives of the owner lessor, Thelma Black, decided they were paying an illegally excessive rent, but instead of bringing a direct action against their immediate lessor, they devised a plan with Mrs. Black to dispossess him through summary proceedings. It was part of the scheme that the Andersons would not pay the rent and would keep silent at the dispossession hearing, despite their clear right to intervene to protect their interests, Turf Screen Printers, Inc. v. Gray, 34 Misc.2d 223, 225 N.Y.S.2d 685, 689 (1962). The Andersons fulfilled this part of the understanding. After dispossession was awarded on May 25, 1971, it was further agreed that they would comply by moving out temporarily but later take possession again as tenants of Thelma Black.

There was an apparent lack of trust between them, however, because the Andersons either did not completely move out as agreed or reentered after a very short time interval; and, unknown to Thelma Black, they paid the arrears in rent to the Kings County Court on June 4th. Meanwhile, in order to prevent their return, Mrs. Black had instructed that the lock on the apartment be changed.

At a late hour on the night of June 4, another tenant telephoned Mrs. Black and informed her that someone was in the apartment formerly occupied by the Andersons. Mrs. Black, armed with the dispossession order, went to the police station and asked for an investigation. She asserted that she was the owner of the building and that the intruder was an unknown person because the former tenants had already voluntarily left the premises.

When the defendant officers and Mrs. Black arrived at the apartment, a bitter quarrel, the ramifications of which were not clear to others, arose between Mrs. Black and Mr. Anderson. The court below found that throughout this period of time the policemen "did not offer any rudeness or offense or affront to the Andersons. Their efforts were directed to producing quiet, bringing about peace, and avoiding an arrest which they were loath to make, but which, they made clear to the Andersons, they were prepared to make at Thelma Black's insistence or upon her action if the Andersons did not leave the apartment at once. The policemen at the building believed Thelma Black's assertions of fact and they thought that the Andersons had not disproven her claims and were not lawfully in the apartment. . . . That belief was entertained in good faith."

■ The district court denied the Andersons relief under 42 U.S.C. § 1983 because it concluded that the policemen's belief that a trespass was continuing was not "entertained in bad faith and it was, even if erroneous, reasonable." It assumed pendent jurisdiction, however, over a claim of wrongful eviction under

New York state law and held the policemen and Mrs. Black liable in damages to the plaintiffs. Mrs. Black did not appeal.

The Andersons argue against the claims of the appellants policemen that the good faith-reasonable belief defense set forth in Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc., 456 F.2d 1339 (2 Cir. 1972), and relied on below, is not available in § 1983 actions, and that the defense in any event could not have been met on the facts of this case. We reject both claims.

This court explicitly stated in *Bivens* that the defense described therein was "the same defense held applicable to cases arising under Section 1983," 456 F.2d at 1347. Other Circuits have reached the same conclusion. See, *e. g.* Hill v. Rowland, 474 F.2d 1374, 1377 (4 Cir. 1973); Rodriguez v. Jones, 473 F.2d 599, 605 (5 Cir.), cert. den., 412 U.S. 953, 93 S.Ct. 3023, 37 L.Ed.2d 1007 (1973).[1] The police officers acted in good faith and in the reasonable belief that arrests made in these circumstances would be valid.

 Assuming that the district court had the power in its discretion to consider the plaintiffs' claim under state law as well as the federally based action, and recognizing that the court exercised its discretion in favor of such consideration under the doctrine of pendent jurisdiction, United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Whirl v. Kern, 407 F.2d 781, 793 (5 Cir. 1968), nevertheless the conclusions and judgment ordering the officers to pay damages for participating in an eviction without a warrant of dispossession and sufficient notice as required under New York law were error and the judgment is therefore reversed.

The policemen were not called to effect the eviction of a tenant but were acting on a trespass complaint by Mrs. Black. In the course of looking into it, they quelled a late, nighttime distur-

bance. At most, their conduct should be judged by the standards governing arrests, with the defenses available to them under New York Code of Criminal Procedure, § 177.

We have neither been directed to nor found any New York case which has imposed liability on policemen in any circumstances remotely analogous to the case before us; particularly where, as here, the plaintiffs themselves actively participated in creating and exacerbating the situation so that the police were deceived as to the true legal interests and relations of the parties. The police acted in a reasonable and restrained manner in their principal endeavor which was to preserve the public peace. Cf. Quinn v. McCochrane, 210 App.Div. 569, 206 N.Y.S. 550 (1924).

The judgment of the district court is affirmed in part and reversed in part and the complaint is ordered dismissed.

---

1. Although the thrust of the holding is not altered, the opinion erroneously mentions *Bivens* as a "§ 1983 case for damages against federal narcotics agents," 473 F.2d at 605.