**Billy R. DUPREE, Jr., Plaintiff,**

v.

**VILLAGE OF HEMPSTEAD et al.,**
**Defendants.**

**No. 74 C 251.**

United States District Court,
E. D. New York.

Oct. 29, 1975.

Jerome Seidel, Brooklyn, N. Y., for plaintiff.

David G. Trager, U. S. Atty., for defendants U. S., "John Doe" and "Richard Roe"; J. Christopher Jensen, Asst. U. S. Atty., of counsel.

John J. Langan, Brooklyn, N. Y., for defendants Village of Hempstead, Police Dept. of Village of Hempstead, "John Doe" and "Richard Roe"; Mark A. Fisher, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendants move for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.

The complaint, filed on February 13, 1974, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, alleges violations of the Civil Rights Act.

The facts are not in dispute. The plaintiff was arrested by the Hempstead Police Department on July 17, 1973 as a suspect, regarding an alleged robbery that occurred within the Village of Hempstead. The plaintiff, after interrogation, was released from custody, and told he was free to leave the police station. He decided to wait, at the precinct, for a friend still in police custody. The police had contacted the military to inquire of the status of the plaintiff. Apparently, he was assigned duty at the Walter Reed Army Medical Center, Washington, D. C. The military's response to the inquiry, mistakenly informed the Hempstead police that he, the plaintiff, was a deserter. He was again detained by the local authorities for the action of the military police. They picked him up on the following day and he was eventually placed in the custody of the military. Thereafter, further investigation proved that he was not a deserter, but in fact had been honorably discharged from the service.

Thereafter, this instant action was commenced for his alleged false arrest and imprisonment.

The defendant, United States of America, alleges that it is immune from suit, pursuant to the doctrine of sovereign immunity. Secondly, the individually named defendants acted in good faith, and with a reasonable belief that the arrest of the plaintiff was lawful.

The United States of America, as a sovereign is immune from suit, except insofar, as Congress in its wisdom has waived such immunity. The Federal Tort Act, 28 U.S.C. § 1346(b), waives immunity of the sovereign, and gives the District Courts original jurisdiction for damages, "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

Originally, 28 U.S.C. § 2680 provided that:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

(h) Any claim arising out of * * * false imprisonment, false arrest * * *."

Thereafter, on March 16, 1974, 28 U.S.C. § 2680(h) was amended and gave the District Courts original jurisdiction over the United States for claims, arising from false arrest and imprisonment. The amendment reads, in part:

"(h) * * * the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of * * * false imprisonment, false arrest * * *."

■ As amended March 16, 1974, Pub.L. 93–253, § 2, 88 Stat. 50. The complaint charges that the alleged wrongdoings occurred on July 17, 1973, which is prior to the amendment of 28 U.S.C. § 2680(h). It follows, therefore, that the United States of America is immune from suit.

■ The second question presented is whether the individually unnamed defendants, members of the military police, acted in good faith, and with a reasonable belief that the arrest was lawful and reasonable.

At the outset, it is apparent that the unnamed federal representatives were never served, and, therefore, this court does not have personal jurisdiction over these two unnamed military policemen. Service upon the United States Attorney does not render these agents subject to this court's jurisdiction. *Griffith v. Nixon*, 518 F.2d 1195 (1975) (Cir. 2).

However, the affidavit of John Robert Sausman, sworn to on the 8th day of May 1975, states that on July 18, 1975 he was in the military, performing his duties thereunder as a military policeman with his partner, Frederick W. McCoy, assigned to the Brooklyn detachment. They were given a Military Police Report, DA Form 19–32, copy attached to the affidavit, indicating they were to pick up this plaintiff, held in the custody of the Hempstead Police Department, and return him to the Armed Forces Police Department in Brooklyn.

The report indicated that the plaintiff was AWOL, and this status verified by Sgt. Ricker, stationed at Walter Reed Army Medical Center. The plaintiff was taken by them from the custody of the Hempstead Police Department, and eventually turned over to the custody of the Armed Forces Police Department.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619, the Court held in part at page 389, 91 S.Ct. at 2001:

"In *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939 (1946), we reserved the question whether violation of that command by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does."

It is now well settled as stated in *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, at page 557, 87 S.Ct. at 1219:

"We hold thaat the defense of good faith and probable cause, * * * for false arrest and imprisonmemt, is also available * * * in the action under § 1983."

See also *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90.

There is no doubt that the federal agents, who picked up the plaintiff, acted in good faith and that their belief was reasonable. It is clear that they acted, pursuant to an official order of the Military Police, DA Form 19–32. There is more than enough indication that the agents acted reasonably. See *Hill v. Rowland*, 4 Cir., 474 F.2d 1374; *Anderson v. DeCristofalo*, 2 Cir., 494 F. 2d 321, and *Pierson v. Ray*, supra.

It follows, therefore, that the motion as to the unnamed federal military policemen must be and is hereby granted.

The defendants, Village of Hempstead, Police Department of the Village of

Hempstead, and two unknown Hempstead policemen move for summary judgment in their favor.

The Hempstead Police Department took the plaintiff into custody upon the request from the military, to hold him for the military police, because he was a deserter. He was so detained that night, and the following morning he was released to the custody of the military police. It is clear that the detention by the local police was at the request of the military. It is urged that the local police acted pursuant to 10 U.S.C. § 808, which reads as follows:

> "Art. 8. Apprehension of deserters
>
> "Any civil officer having authority to apprehend offenders under the laws of the United States or of a State, Territory, Commonwealth, or possession, or the District of Columbia may summarily apprehend a deserter from the armed forces and deliver him into the custody of those forces."

There is no doubt that the local police detained the plaintiff only upon the request of the military. This is borne out by the fact that he was released from local custody and then subsequently arrested upon receipt of information that he was a deserter.

The facts indicate that the local police had the absolute right to detain him. See *United States v. Middleton*, 344 F.2d 78 (Cir. 2).

There is no doubt that these defendants acted in good faith and that their beliefs were reasonable.

In opposition to these motions, the plaintiff has submitted a one-page letter, dated October 9, 1975, requesting that this court defer its decision until the decision in *Brault v. Town of Milton* is decided by the Circuit Court of Appeals of the Second Circuit. That case was decided on October 1, 1975. See slip opinion, docket 74–2370. The court reaffirmed the established law that a municipality cannot be held for damages under § 1983, citing *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.

Therefore, the defendants' motion for summary judgment is in all respects granted.

It is so ordered.